# APPENDIX

OF

CASES DECIDED BY THE COURT, AND TO WHICH SYLLABI HAVE
BEEN MADE, BUT NO OPINION WRITTEN.

## THE STEAMBOAT "EMILY" v. THOMAS CARNEY, et al.

### Error from Leavenworth County.

#### Decided January 19th, 1864.

1. COMMON CARRIER.—A steamboat is a common carrier.
2. RECORD: PRESUMPTIONS.—Where the issue in the pleadings presents a question of negligence as the foundation of the plaintiff's right of recovery, and the cause having been submitted to the court for trial and a general finding for the plaintiff is made, the bill of exceptions showing that an agreed statement of facts, omitting a statement whether there was negligence or not was introduced as evidence, the bill of exceptions not showing that it contained all the evidence, this court will presume that there was sufficient evidence of negligence to warrant the finding.
3. TRIAL: BURDEN OF PROOF.—Where the bill of lading contains an exception against loss by fire, and the answer of the carrier admits that the loss occurred by fire, the *onus* of proving negligence is upon the plaintiff.
4. DAMAGES: MEASURE OF.—When the loss occurs from the negligence of the carrier after leaving the port of shipment, the measure of damages is the value of the article at the port of delivery.

This suit was instituted to recover the value of twenty-three bales of cotton destroyed by fire on the Platte County Railroad. The case was tried at the November term, 1864,

of the Leavenworth district court, on the following agreed statement of facts and the evidence adduced in pursuance of the sixth clause of said agreement.

1.   It is admitted that Thomas Carney and Thomas C. Stevens were partners as Carney & Stevens on the 17th day of May, A. D. 1864, and at the date of this submission.

2.   That on that day they made a contract with defendant to convey twenty-three bales, weighing 10,837 pounds, of cotton from Leavenworth city, in Kansas, to New York city, in the state of New York, and to deliver the same to Freeman & Almey, at that city; that the receipt hereto attached, marked "A," was given by said defendant to the plaintiffs on the day of the delivery of said cotton by plaintiffs to defendant.

3.   That said cotton was delivered by plaintiffs to defendant on the 19th day of May, 1864, and received by defendant in good order and condition on said day.

4.   That the cotton was taken by the said defendant from the port of Leavenworth, and delivered by the said defendant to the agents of the Platte County Railroad at Weston, Missouri; that the cotton took fire on said railroad between Weston and St. Joseph, and was partially consumed before the train conveying it arrived at St. Joseph. The part not consumed was then taken from the cars and spread out on the ground by the agents of the Platte County Railroad, and whilst there took fire and was entirely consumed. This on the 20th day of May, 1864. Neither of which fires occurred or were caused by the plaintiffs or their agents, nor by the enemies of the country, and occurred whilst in transit and in the possession and under the control of the parties to whom the cotton had been delivered by the said defendant.

5.   That the defendant was a steamboat found on the waters of this state, and doing business on the same at the date of the contract aforesaid and the date of this agreement and submission.

6.   It is further agreed that the plaintiffs, Carney &

Stevens, shall, in addition to these agreed facts, introduce legal evidence to show the quality of the cotton and the value thereof, at such places and times as it may be competent and proper in law to show the same; and such evidence, when received, shall constitute part of these agreed facts.

The following is the body of the bill of lading addressed to defendants in error, the execution of which was admitted in the pleading of plaintiff in error:

"Shipped in good order and well conditioned, by Carney & Stevens, on board the good steamboat Emily, the following articles, marked and numbered as below, which are to be delivered without delay in like good order at the port of New York, the unavoidable dangers of the river and fire only excepted, unto Freeman & Almey, or assigns, he or they paying freight for said goods at the rate of

"Charges, $65.

"In witness whereof the owner, agent, master or clerk of said boat has affirmed to four bills of lading of this tenor and date, one of which being accomplished, the others to stand void.    Dated at Leavenworth, Kansas, May 17th, 1864.

| "MARKS. | ARTICLES. | WEIGHT. |
|---|---|---|
| "F. & A., | 22 bales cotton. | 10,837 |
| "New York. | Poorly baled, torn and ragged." | |

Evidence was introduced relative to the quality and condition of the cotton and the ordinary time required to deliver the same at New York, and exceptions were preserved to the ruling of the court admitting testimony showing the market value of the cotton at the place where and the time when the same should have been delivered. Judgment was rendered by the court below for plaintiff below, defendants in error, for $15,286.70. A motion was made for a new trial, and exceptions preserved to the order overruling the same.

*Tarr & Pendery*, for plaintiff in error.

*W. P. Gambell* and *Thomas P. Fenlon*, for defendants in error.

*For plaintiff* it was contended :

1.　The bill of lading vests the cotton in the consignees. The code does not change this result.　*Van Santvoord's Pl.*, 117; 1 *Chitty Pl.*, 5; *Lawrence v. Minturn*, 17 *How.*, 100; *Evans v. Marlett*, 1 *Lord Raym.*, 271; *Grove v. Brien*, 8 *How.*, 429; 8 *Salk.*, 290; 3 *Barn. and Ald.*, 382; 1 *Binn.*, 109; *Abb. on Ship.*, 216, *notes; Long on Sales*, 293; *Ludlow v. Brown*, 1 *Johns.*, 15; 15 *Wend.*, 474.

2.　No expression of consent by consignee is necessary; that will be presumed.　8 *How.*, 440; 16 *Pet.*, 106; 11 *Wheat.*, 96.　Hence, the plaintiffs below were not the real parties in interest.

3.　There is no evidence of freight having been paid; hence, the contract to transport was without consideration. 2 *Blackst. Com.*, 446; 1 *Pars. Contr.*, 355.

4.　If a bailment, this contract was one of *mandatum.* [2 *Kent Com.*, 722.]　Hence, but slight care was required.　1 *Pars. Contr.*, 570.

5.　There is no evidence showing that the plaintiff in error was a common carrier; that should have been an established fact.　*Swan's Pl.*, 323; *Van Sant. Pl.*, 454, 458; 2 *Chitty Pl.*, 335; 2 *Greenl. Ev.*, §§ 210, 311, *and note* 4; *Story Bail.*, §§ 496, 497.

6.　The plaintiff in error has in the bill of lading limited her common law liability, as she might do.　1 *Kerwin*, 492; 4 *Sandf.*, 136; 13 *Barb.*, 353; 14 *id.*, 524; 5 *Sandf.*, 180; 6 *How.*, 344; 8 *Mees. & Welsby*, 443.

7.　And thus thrown the risk of unavoidable dangers of river and fire upon defendants in error, and the plaintiff in error became but a private—not a common—carrier.　*Angel Car.*, § 54; 8 *M. & Welsby*, 461; 2 *Ad. & Ellis*, 646; *see also* 1 *Grey*, 263, 502; 6 *Hill*, 157; 10 *Metc.*, 472; 22 *Conn.*, 1, 502; 23 *id.*, 457; 24 *id.*, 458; 4 *Allen*, 522.

8.　The invoice cost of the cotton at Leavenworth is the proper measure of damages.　5 *Bosw.*, 625; 2 *Hall*, 391;

3 *Caines' R.*, 219; 1 *Washington C. C.*, 13; 4 *Mass.*, 115; 3 *Sumn.*, 144; 3 *Wheat.*, 560; 1 *How.*, 28; 3 *Bosw.*, 7.

*Fenlon & Gambell, for defendants,* submitted:

1. The measure of damages was the value of the cotton at the place of destination at the time it was agreed to be delivered. *Angel Car.*, 460; *Sedgw. Dam.*, 355; 6 *Watts,* 424; 10 *id.*, 418; 4 *Blackf.*, 260; *McGregor v. Kilgore,* 6 *Ohio*; *Lakeman v. Grumel,* 5 *Bosw.*, 625.

2. The court found negligence on the part of plaintiff as a fact, but the record does not purport to set forth all the evidence. It will therefore be presumed that there was sufficient evidence to support this finding and to sustain the judgment. 5 *Ind.*, 519, 429, 210, 267; 6 *N. H.*, 526.

3. The court obtained jurisdiction, although the boat was not seized. *Comp. L.*, 110.

*By the Court,* BAILEY, J.

The judgment was affirmed.