## G. B. KIFF v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

1. SHIPPER'S RECEIPT, *Limiting Liability; Damages, When.* A railroad company received merchandise to be transported to a point beyond its own line of railroad, over its own and other lines of railroad connecting with it, and gave to the shippers its receipt stating that the merchandise was shipped "at owner's risk." *Held,* That this receipt is a special contract limiting the liability of the carrier, and that such connecting lines of railroad are entitled to the benefits of the exemption from liability specified in it, and that neither of the companies owning such connecting lines is liable for damages to the merchandise transported, unless it is shown that such damages arose from the negligence of the company sought to be charged.

2. CASE, *for Jury; Demurrer to Evidence, When Sustained.* On a trial before the court and a jury, if the evidence of the plaintiff tends to sustain his cause of action, the court should submit the case to the jury; but if the evidence of the plaintiff fails to sustain the main issue, or any material issue in the case, it is not error in the trial court to sustain a demurrer to the evidence.

*Error from Reno District Court.*

THE nature of the action, and the facts, are stated in the opinion. At the January Term, 1884, after plaintiff *Kiff* had introduced his evidence, the defendant *Company* demurred thereto, on the ground that the evidence does not prove or tend to prove any cause of action against the defendant. The court sustained the demurrer, discharged the jury, and rendered judgment for costs against the plaintiff. New trial denied. *Kiff* brings the case to this court.

*James McKinstry,* for plaintiff in error.

*A. A. Hurd, C. N. Sterry,* and *W. C. Campbell,* for defendant in error.

The opinion of the court was delivered by

HURD, J. : The plaintiff below, the plaintiff in error here, commenced this suit before a justice of the peace of Reno county, to recover damages by breaking of stoves, alleged to have been transported from Emporia to Hutchinson by the defendant, as a common carrier.

The bill of particulars is as follows:

"G. B. Kiff, plaintiff in the above-entitled action, complains of the defendant, the Atchison Topeka & Santa Fe railroad company, a corporation duly organized and existing under the laws of Kansas, for that whereas, the defendant undertook and agreed with plaintiff to carry from the city of Emporia to the city of Hutchinson, in the state of Kansas, in the month of May, 1883, three cook stoves : plaintiff avers that defendant so carelessly and negligently handled said stoves while in its possession as to break and damage them, to the damage of the plaintiff in the sum of twenty-five dollars. Plaintiff also avers that the defendant charged him, for hauling said stoves, the sum of two dollars in excess of the legal rate and schedule rate of said company. Wherefore, plaintiff prays that he have judgment against defendant for the sum of $27, and costs of suit."

On the trial, the justice of the peace rendered judgment in favor of the plaintiff for $24, and costs of suit. The defendant appealed to the district court of Reno county, and the case was tried in that court at the January term, 1884, before the court and a jury ; and after the plaintiff had introduced his evidence and rested his case, the defendant demurred on the ground that the evidence does not prove or tend to prove any cause of action against the defendant. The court sustained the demurrer, discharged the jury, and rendered judgment against the plaintiff for costs. The plaintiff filed his motion for a new trial, which was overruled, and made his case for the supreme court, which contains all the evidence and proceedings in the court below, and brings the case to this court by petition in error.

The evidence shows that on April 28th, 1883, the Cleveland Coöperative Stove Company, of St. Louis, delivered to

the Missouri Pacific railway company, in St. Louis, the stoves: in question, to be by it transported to Hutchinson, Kansas,. and there delivered to plaintiff. The railroad company, on delivery of the stoves, delivered to the shippers a duplicate. receipt, of which the following is a copy:

"ST. LOUIS, April 28th, 1883.

"Received from the Cleveland Coöperative Stove Company, St. Louis branch, 2900 Eleventh street, by Mo. Pac. R. R., the following property, to be delivered in like good order, as addressed, without delay, at consignor's risk:

FOR G. B. KIFF, ESQ., HUTCHINSON, KANSAS.

| Articles.  ·  | Marks. |
|---|---|
| 3 cooking stoves. 3 stove sections, weight 690, *W.* | K. ............... |

· Owner's risk.

"This duplicate dray ticket is sent you as a memorandum by which to check off goods. If the stoves, bundles, pieces, etc., do not agree with this, or the freight bill is overcharged, please return to us your freight bill at once, with this, noting thereon the charges, and we will attend to the matter with pleasure promptly."

This receipt is the only contract for transportation of the stoves shown by the evidence, and under it they were transported, and on their arrival in Hutchinson were found to be broken and damaged. The evidence shows that the stoves were carried by the Missouri Pacific railway company over a portion of its line and delivered to the San Francisco railroad company, which carried them to Emporia, and there delivered them to defendant, which carried them to Hutchinson. Each of these connecting lines of transportation is entitled to the benefit of the special contract between the shippers and the Missouri Pacific railway company, and either of them, when sued, may claim the exemption of the contract. (*Whitworth, et al., v. Erie Railway Co.,* 87 N. Y. 414.)

The plaintiff in his brief contends, that "the record shows that these goods were shipped upon special contract termed by

railroad companies as 'at owner's risk;' that it is well settled by the authorities [cited in the brief], that such contracts do not excuse companies for their own negligence." We agree with this view of the law, which is fully sustained by the decision of this court. (*K. C., St. J. & C. B. Rld. Co. v. Simpson*, 30 Kas. 645.)

The plaintiff further contends, "that when a risk, for which a common carrier may be liable, is limited by a special contract, the burden of proof rests upon the carrier to show not only that the cause of the loss was within the terms of the limitation, but also upon its own part that there was no negligence." In this we do not agree with him. It is well settled that when the liability of the common carrier is limited by a special contract, the carrier is only liable for losses and damages caused by his own negligence, and the burden of proving the negligence is on the party who alleges it. (*Steamboat Emily v. Carney*, 5 Kas. 645; *Mo. Pac. Rly. Co. v. Haley*, 25 id. 36; Sherman and Redfield on Negligence, §12; *Whitworth v. Erie Rly. Co.*, 87 N. Y. 413.)

The plaintiff charges in his bill of particulars that the negligence of the defendant caused the damages which he seeks to recover in this suit, and it is incumbent on him to establish by his evidence that the negligence of the defendant alone caused the damage; and unless he has so shown, the judgment against him must be affirmed. The plaintiff now contends that these words in the shippers' receipt in evidence, "to be delivered in like good condition," is an admission by the Missouri Pacific railway company that the stoves were in good condition when received, and the presumption was they would remain in the same condition to their destination, and as they were broken when they arrived there, the legal presumption is that they were broken through the negligence of the carrier. We are of the opinion that the words referred to cannot be properly construed as claimed, and that their real meaning in the place found, is, that the stoves should be delivered in the like condition as received: if in good order, then in the same condition; if broken or damaged, then in like condition.

This is all of the evidence relied on by plaintiff to establish negligence, and we think it does not prove negligence on the part of the defendant.    When there is any evidence on the trial that tends to sustain the plaintiff's cause of action, it is the duty of the trial court to submit the case to the jury, but if there is no such evidence, or if the evidence fails to prove the main or a material issue in the case, the trial court may sustain the demurrer to the evidence.

We are unable to find any evidence in the record that shows or tends to show that the damages complained of arose from the negligence of the defendant, or in any manner to establish the liability of the defendant for the injury complained of, and therefore affirm the judgment.

All the Justices concurring.