## The Missouri Pacific Railway Company v. Sarah J. Johnson.

1. Evidence—*No Error to Overrule Demurrer.* Where the testimony of the plaintiff is introduced and it tends fairly to establish every material fact necessary to be proven, under the allegations of the petition, it is not error for the court to overrule a demurrer to the evidence.

2. Instructions—*Objections—Waiver.* Objections to the instructions of the trial court, to be available in this court, should be made and the rulings excepted to on the trial; otherwise they are waived. (*Gafford v. Hall,* 39 Kas. 166, and *Mercantile Co. v. Fullam,* 43 id. 181, followed.)

3. ——— *Refusal, Not Error.* Special instructions asked by the defendant below, of the trial court, considered, and *held,* that no error was committed in refusing the same.

4. General Charge—*Repetition.* The court is under no obligation to repeat its general charge, in the form of special instructions. (*Deitz v. Regnier,* 27 Kas. 94, followed.)

5. ——— *Special Instructions.* Special instructions should conform to the facts at issue, in each particular case.

6. Locomotive—*Sounding Whistle—Negative Evidence.* It is not error for the court to refuse to charge the jury that negative testimony of a witness, in regard to sounding the whistle of a locomotive, is entitled to but little weight, as against evidence of one who saw and heard the sounding of the whistle, when the evidence upon the failure to sound the whistle is just as positively stated as the fact that the whistle was sounded. (*K. C. Ft. S. & G. Rld. Co. v. Lane,* 33 Kas. 702, followed.)

*Error from Wilson District Court.*

THE opinion states the facts.

*W. A. Johnson,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

Opinion by GREEN, C.: Sarah J. Johnson brought this suit in the district court of Wilson county, against the Missouri Pacific Railway Company, to recover damages for alleged personal injuries which she claims to have sustained. She alleged in her petition:

"That on the 3d day of April, 1887, the defendant was operating a certain line of railroad through the county of Wilson and state of Kansas, known as the Verdigris Valley, Independence & Western Railroad, which said railroad so operated by defendant runs across a certain highway, which said highway was duly and legally laid out and traveled prior to the construction of said railroad; that where said railroad crossed said public highway, and prior to the construction of said railroad, the ground was smooth and level; that in constructing said railroad, an embankment some six feet high was thrown up by the defendant company, upon which it constructed its said road; that the defendant negligently and carelessly constructed approaches to said crossing which were narrow, steep and unsafe, and has failed to restore said public highway to its former condition, or to such condition as did not materially impair its usefulness; that the approach to the railroad by the public highway was obstructed by a high hedge along the north side of the highway, so it was impossible for a person using the highway to observe a train or other object through the hedge; that where the railroad passes through the hedge fence, an opening was cut for a distance of eighty feet in width, and aside from this opening this hedge fence grew upon the north side of the highway a distance of half a mile, and a distance of a quarter of a mile on each side of the railroad track, which rendered said crossing very dangerous · unless a great deal of care was exercised upon the part of the railway company in operating the road; that on the 3d day of April, 1887, the plaintiff was traveling upon said highway in a wagon drawn by two mules,

going in an eastern direction; that said railroad, by reason of said hedge fence, was entirely obstructed from the view of the plaintiff north of the crossing; that the plaintiff, knowing the dangerous condition of said crossing, approached the same with great care, intending to stop, look and listen for an approaching train; but upon approaching said crossing, and before she could get a view of said track, said defendant, its agents and servants, ran one of its trains of cars, drawn by a locomotive engine, down said track, in a southeasterly direction, and over said crossing, which said train of cars passed directly in front of the mules driven by plaintiff's husband, and caused them to jump from the narrow approach to said crossing down an embankment, a distance of six feet, carrying with them the wagon in which plaintiff was then sitting. By reason of the premises the plaintiff was thrown out of said wagon, down said embankment, striking a post upon the side of the highway, then dragged by said team a distance of about eighteen feet, and was mangled, bruised, and injured. Plaintiff avers that defendant neglected and failed to sound the whistle of said locomotive engine eighty rods before approaching said crossing; by reason thereof she was not warned of said approaching train until the same passed over the crossing immediately in front of the mules driven by her husband; that had defendant's agents and servants sounded said whistle, as it was their duty to do, eighty rods before approaching said crossing, she would have heard the same, and averted the accident."

To this petition, the railroad company interposed a general denial, and for a second defense set up contributory negligence upon the part of the plaintiff, which directly contributed to the injury. The cause was tried in October, 1887, before a jury, and the plaintiff below recovered a judgment for $1,700, which was approved by the trial court.

A number of errors are assigned upon the rulings of the district court.

I. The first is, that the court should have sustained the demurrer of the defendant to the evidence of the plaintiff. The accident occurred on the afternoon of Sunday, April 3, 1887; the plaintiff was returning home with her husband and two children from a neighbor's; they were riding in a wagon

drawn by two mules; on the north side of the highway on which they were traveling, there was a tall hedge fence which obstructed the view of a train passing on the track of the defendant's railroad; this hedge extended for about a half-mile east and west of the railroad crossing; the railroad at the crossing was not quite parallel with the hedge, the railroad running from northwest to southeast and more east than south. The plaintiff below testified that before passing behind the hedge, and while she had a view of the railroad, she looked up the track to see if any train was approaching, and she could see none, although she could see the track for a quarter of a mile or more—possibly a mile; that the mules were brought to a walk, in order that she might see; that while she approached the crossing, she was listening for the train and that her ears were unobstructed by any wraps; she continued to listen for the train during all the time that her view was obstructed. About the time the wagon got within seventy-five or eighty feet of the crossing the mules became frightened and started to run toward the crossing; and just as they came within three or four feet of the track the train passed directly in front of them, the mules turned suddenly to the right down an embankment thrown up to make the crossing over the railroad track, and threw the plaintiff out; that the whistle was not sounded before the train approached the crossing; that if it had been, she would have heard it; that if the whistle had been blown and given her warning, the accident would have been avoided. Four other witnesses corroborated the statement of the plaintiff, that the whistle was not sounded until the train reached the crossing.

We think the evidence was sufficient to permit the case to go to the jury. There was testimony tending to support the allegations of the petition, and to establish every necessary fact. (*Kiff v. A. T. & S. F. Rld. Co.*, 32 Kas. 263; *Wolf v. Washer*, 32 id. 533; *Brown v. A. T. & S. F. Rld. Co.*, 31 id. 1; *Waterson v. Rogers*, 21 id. 529; *Jansen v. City of Atchison*, 16 id. 358.)

II. The second error assigned is, that there was no evidence given on the trial of any mental suffering in consequence of injuries, and that the charge of the court which said to the jury that the plaintiff would be entitled to recover in the event they should find for her, such sum as would compensate her for physical pain she may have suffered in consequence of such injury, and also for mental suffering resulting from such physical pain. It will be unnecessary for us to notice this error, as the defendant did not except to the general charge, or to any portion of it. Alleged errors to the instructions of the court, to be considered by this court, should be excepted to by the party wanting them examined. (*Mercantile Co. v. Fullam,* 43 Kas. 181; *Gafford v. Hall,* 39 id. 166.)

III. The next complaint the plaintiff in error makes is, the refusal of the court to give the sixth and seventh special instructions. The sixth special instruction did not state the law correctly. It was to the effect that the railroad company had a right to precedence in crossing a highway. The correct rule, as we understand it is, that both the railroad company and the traveler have an equal right to cross, and the law imposes on both parties the duty of using reasonable and prudent precautions to avoid accident and danger. (Sackett, Inst. to Juries, 406.)

As to the seventh special instruction refused, the court had already instructed the jury fully upon the duty of a person approaching a railroad crossing, and this was sufficient. (*Deitz v. Regnier,* 27 Kas. 94; *Evans v. Lafeyth,* 29 id. 736; *The State v. Bailey,* 32 id. 83.)

IV. Counsel for plaintiff in error insists that the trial court erred in refusing to give the eighth, fifteenth and sixteenth special instructions. We have carefully examined the general charge of the court, and we think all of the matters embodied in these special instructions are fully covered by the instructions given by the court.

V. The next complaint is based upon the refusal of the court to give the twentieth special instruction, which was to

the effect that the engineer, seeing the plaintiff's team upon the highway, had a right to believe that the plaintiff's team was gentle and in the hands of a competent driver, and that he would not approach so close to the track as to incur danger. This requested instruction assumed a fact which was for the determination of the jury. There was a disputed question as to whether or not the parties approaching the crossing could see the engine or the approaching train, and whether the engineer could see the parties approaching the crossing. We think the instruction was properly refused.

VI. The complaint that the trial court erred in its refusal to give the twenty-second and twenty-fourth special instructions is not good. In each it is assumed that the engineer, brakemen and conductor gave evidence that the whistle was sounded eighty rods before the engine reached the highway crossing. This is not the case. One of the brakemen testified that the whistle was blown about two hundred yards from the crossing. The other brakeman said the whistle was sounded about three hundred yards before reaching the crossing. The conductor estimated the distance to be about two hundred yards, and the engineer fixed the distance about the same.

Complaint is made to the ruling of the court in refusing to give the twenty-third special instruction, in relation to the evidence of the plaintiff and defendant in regard to sounding the whistle, one being of a negative character and the other positive.

In this case, the testimony of the plaintiff was quite as positive as that of the defendant, and we do not think it was error for the court to refuse the instruction. This court has stated the rule in regard to negative and positive testimony, in the case of *K. C. Ft. S. & G. Rld. Co. v. Lane*, 33 Kas. 702. Measured by the rule established in that case, it was proper for the court to refuse this instruction.

Upon the final objection, that the trial court should have set aside the verdict and special findings in this case, it is sufficient for us to say that an examination of the testimony

shows that there was some evidence to support and uphold the verdict of the jury.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.