FRANCIS A. DREW, Respondent, *v.* RED LINE TRANSIT
COMPANY, Appellant.

### April 12, 1877.

1. A common carrier may by contract restrict his liability as an insurer, but he
cannot by contract change the rule of evidence as to the burden of proof
of negligence.

2. Where goods are lost by a common carrier, whatever contract he may have
made with the owner, the presumption of law is that they were lost by his
fault, and unless this presumption be rebutted by testimony he must pay
their value.

3. The duties of a common carrier do not originate in contract, and while act-
ing as a common carrier he will be held to that degree of responsibility
which the law imposes upon him as such, and will not be permitted to assume
the position of an ordinary bailee or of a private carrier.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*A. M. Gardner*, for appellant, cited : Kirkland *v.* Dins-
more, 62 N. Y. 171 ; Parson *v.* Monteith, 13 Barb. 353 ;
Dorr *v.* New Jersey Steam Nav. Co., 11 N. Y. 485 ; Ang.
on Car., sec. 276 ; Story on Bail., secs. 410, 573 ; 2 Greenl.

on Ev., sec. 218; Goldsby *v.* Pennsylvania R. R. Co., 30 Penn. 242; Cochran *v.* Dinsmore, 49 N. Y. 249; Owens *v.* Hannibal & St. Joseph R. R. Co., 58 Mo. 386; Ketchum *v.* American Merchants' Ex. Co., 52 Mo. 390; Read *v.* St. Louis, Kansas City & Northern Ry. Co., 60 Mo. 199.

*H. I. D' Arcy,* for respondent, cited: Wescott *v.* Fargo, 61 N. Y. 542; Empire Transp. Co. *v.* Wamsutta Oil Co., 63 Pa. St. 14; Knowlton *v.* Railroad Co., 19 Ohio St. 260; Michigan Southern & Northern Indiana R. R. Co. *v.* Henton, 37 Ind. 443; Railroad Co. *v.* Lockwood, 17 Wall. 357; Ketchum *v.* American Merchants' Union Ex. Co., 52 Mo. 390; Wiser *v.* Charless, 53 Mo. 547.

BAKEWELL, J., delivered the opinion of the court.

This was a suit originally commenced before a justice of the peace, on two separate causes of action. Plaintiff alleges that defendant was a common carrier for hire between New York and St. Louis; that defendant agreed to carry safely, and deliver to plaintiff at St. Louis, certain boxes of glass; that defendant so negligently carried said boxes of glass that they were broken and damaged to the extent of $36 as stated in one count, and to the extent of $24 as stated in the other.

There was a verdict and judgment for the plaintiff on trial anew in the Circuit Court, and defendant appeals.

The case was tried upon an agreed statement of facts, by which it was admitted that the goods were received by defendant in good order, and when delivered to plaintiff were damaged by breakage to the amount of $60; that defendant was a common carrier for hire, " and received the shipment for a valuable consideration as such common carrier, except in so far as said character of common carrier may be regarded by the court as affected by reason of the bills of lading and special freight contracts hereto annexed; that the shipments were made under bills of lading and special freight contracts, the forms of which, in blank, are hereto attached, and marked exhibits ' A ' and ' B.' The original bills and

contracts not being at hand, these blanks are to be taken and considered as though properly filled up and executed by the parties.''

Then follows a printed form of receipt or bill of lading, with blanks filled up, dated New York, September 16, 1874, receipting to Simon Burke & Co. for three boxes of glass, consigned and marked to F. A. Drew, St. Louis, in apparent good order, contents and value unknown. This bill of lading has many conditions printed upon it, among others, '' It is agreed, and it is a part of the consideration of this contract, that this line will not be responsible for   *   *   * breakage of glass or queensware,   *   *   * or loss or damage to goods occasioned by providential causes, or by fire not caused by the negligence of the company while in transit or at stations.''   '' 2nd class goods, 79 cents per 100 lbs.''

The other blank attached to the agreed statement is as follows :

'' *Special Freight Contract, Red Line Transit Company, Station* ———, *187–,*

'' In consideration of one dollar to me in hand paid by the Red Line Transit Company, the receipt whereof is hereby acknowledged, and in consideration of the said Red Line Transit Company receiving and carrying at tariff rates, and without extra charge, all freight consisting of —— which may be delivered by me to said company from the ——— day of ———, 187–, to the ——— day of ———, 187–, which property, by reason of its size or weight or inherent qualities, or the manner in which it is packed or marked, or other peculiarity of said property, or of the circumstances under which it is received, is liable to extra hazards, it is agreed between the said company and the shipper thereof that the said company, and the railroads and boats with which they connect, and which receive such property, are hereby released from liability for loss occasioned by mob, riot, insurrection, or rebellion, and all damage incident to a time of war; also, from liability for

leakage of all kind of liquors, shrinkage or deficiency in weight or measure of all grains or other property shipped in bulk, arising from any cause; breakage of all kinds of glass or crockery; carboys of acid or articles packed in glass; stoves and stove furniture, castings, machinery, carriage furniture, musical instruments of all kinds; packages of eggs; or for loss or damage on hay, hemp, cotton, or any article the bulk of which renders it necessary to be shipped in open cars; or for damage to perishable property of all kinds, occasioned by delay from any cause or change of weather; or for damage and loss while in the company's depots; from damage or loss on the sea, lakes, or rivers; also, from breakage or chafing, or damage or injury from fire or water, heat or cold, or collision; also, from the wrong carriage or wrong delivery of goods that are marked with initials, numbered, or imperfectly; or where the marks or directions on packages are made on paper or cards. And, in consideration aforesaid, I agree to indemnify and save harmless said company from any and all claims made by any consignee of any property for loss or damage thereto, arising from any of the causes aforesaid, while in the possession or under the control of said company.

"RED LINE TRANSIT COMPANY,

"By ———, *Station Agent,*

"[Signed in duplicate.] ———, *Shipper, by* ———, *Agent.*"

The court gave the following instructions asked by defendant:

"1. The court declares the law to be that, by the special contract in evidence in this case, the defendant's liability to the plaintiff is limited by the terms of said contract, and not by the law of common carriers; and the burden of proof is thrown upon the plaintiff to show that the breakage of the glass sued for was caused by the negligence or default of the defendant or its agents.

"2. The court declares the law to be that, by the special agreement in evidence in this case, the defendant became

and was an ordinary bailee and private carrier for hire with reference to this particular shipment, and only liable as such.; so that, to entitle the plaintiff to recover, it is incumbent on him to show that the glass in question was broken by the carelessness, negligence, or default of the defendant or its agents.''

And refused the following declarations of law asked by defendant:

'' 1. The court declares the law to be that, under the allegations contained in plaintiff's cause of action, and the facts as shown by the agreed statement, the plaintiff is not entitled to recover.

'' 2. The fact that the glass in question was broken in transportation does not raise such a presumption of negligence or default on the part of the defendant or its agents as will entitle the plaintiff to recover damages therefor under the terms of the contract of affreightment made by the parties at the time the glass was received by defendant for transportation.

'' 3. Although it is admitted by the agreed statement of facts that the glass in question was broken when delivered by defendant to the plaintiff in St. Louis, yet, under the special agreement made by the parties for the transportation of the same, it is incumbent on the plaintiff to show further that the damage sued for was caused by the negligence or default of the defendant or its agents.''

This case is very similar to that of *Kirby* v. *Adams Express Company*, 2 Mo. App. 369.

In that case the plaintiff sued for the value of a trunk and contents delivered by him to defendant for transportation. At the time of the delivery of the trunk plaintiff took from defendant a receipt, being a printed form used by the company, with the blanks filled up. Plaintiff declared on the receipt, alleging that defendant was a common carrier, and that the trunk and contents were worth $160, and were lost through the negligence of defendant.

The defendant admitted that it was a common carrier, but set up as a defense the express conditions of the receipt to the effect that defendant accepted no other liability than that of a forwarder, and that, as the value of the trunk and contents was not stated, it was, in no event, to be held liable for more than $50, unless the loss be proved to have occurred from the fraud or gross negligence of the express company or its agents.

The trial court declared the receipt to constitute the contract under which the goods were received, and that the parties were bound by its terms; that defendant, if, being publicly engaged in transporting goods for hire, it received plaintiff's goods for transportation, was a common carrier in the case, and must account for the goods; and that, if lost while in its possession as a common carrier, the law presumes they were lost through the negligence of defendant, unless it shows to the contrary; and that if defendant was a common carrier, and the goods were lost through its carelessness and negligence, then it was liable for the full value of the goods. And refused instructions stating that, if the receipt contained no specified value of the goods, only $50 could be recovered, laying the burden of proof of carelessness on plaintiff, and to the effect that under the contract defendant had no liability but that of a forwarder.

On these instructions there was a judgment below in favor of plaintiff for the full value of the goods, and the judgment was affirmed in this court.

It was decided in that case (1) that a common carrier may, by contract, restrict his liability as an insurer; (2) that his duties as a common carrier do not originate in contract, and he will not be permitted, whilst acting as a common carrier for hire, to shirk the responsibilities which the law affixes to his calling, and to assume the position of an ordinary bailee, or of a private carrier; (3) that he cannot, by contract, change the rule of evidence which, for wise reasons, has been adopted in his regard. The consignor

does not accompany his goods ; the carrier does.   The carrier must account for them ; and if they are lost, whatever agreement he may have made with the owner, the law will presume they are lost by his fault, and, in the absence of testimony to rebut this presumption, he must pay their value. This was the language of this court in that case ; and these were the points in that case, as they are in this.   That case would seem to be entirely decisive of the one at bar ; and as we there examined and discussed the authorities and the reason of the rule at some length, it can serve no purpose to go over the ground again.   That case, too, is in entire accord with *Levering* v. *Union Transportation and Insurance Company*, 42 Mo. 88, and with *Ketchum* v. *American Merchants' Union Express Company*, 52 Mo. 391.

Counsel for appellant seems to concede that the last-quoted case — *Ketchum* v. *American Merchants' Union Express Company* — is directly in point, and that, if it is authoritative, this judgment must be affirmed ; but he suggests that it has been overruled by two recent decisions : *Owens* v. *Hannibal & St. Joseph Railroad Company*, 58 Mo. 386, and *Read* v. *St. Louis, Kansas City & Northern Railway Company*, 60 Mo. 199.

The first-quoted case is not in point, because that is an action of negligence in running down and killing stock on defendant's road.   It is held that the burden of proof of negligence, in such a case, is on the plaintiff ; but the liabilities of a common carrier are not discussed, nor does any such question, or any question as to limiting those liabilities by contract, arise in that case.

The more recent case of *Read* v. *St. Louis, Kansas City & Northern Railway Company* had not been called to the attention of this court when *Kirby* v. *Adams Express Company* was decided.   We do not think that it is at variance with the rule laid down by the Supreme Court in the Ketchum case cited above.   A receipt had been given by the carrier, in the nature of a bill of lading, for some potatoes ;

across the receipt was written, " Owner's risk, freezing."
The petition alleged that by the negligence of defendant
the potatoes were frozen, and thereby destroyed. The
evidence showed that the potatoes were frozen in conse-
quence of a delay caused by a " strike " among defendant's
employees. There was a judgment for plaintiff, which was
affirmed. The trial court instructed the jury that it de-
volved on defendant to show, notwithstanding the exception
from loss by freezing, that the loss did not occur through
the negligence of defendant; and refused an instruction
that the burden of proving negligence is on the plaintiff.
It is true that, in his reasoning, the learned judge who de-
livered the opinion of the Supreme Court seems to take it
for granted that a carrier may exonerate himself by special
exemption contained in a contract, and that, when he does
so, by bringing the loss within the exemption he throws the
burden of proof on the plaintiff to show negligence ; but the
point is not considered as being in the case, since it is
decided on the ground that the carrier, in his answer, ad-
mitted the delay which caused the loss, and attempted to
justify ; and, having set up an excuse, it is held that he must
show a sufficient one, wholly clearing him of the charge of
negligence. *Ketchum* v. *American Merchants' Union
Express Company* is not alluded to in the opinion, much
less overruled. That case is decisive of the one at bar,
being wholly parallel with it. We are bound by the rulings
already made in this matter. The instructions refused in
this case were properly refused ; the instructions given were
more favorable to defendant than they should have been,
but of that he cannot complain. On the agreed case the
judgment was for the right party, and it is affirmed. All
the judges concur.