GANT v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Justice's Court**: DEFECTIVE SERVICE OF SUMMONS. By appearing generally before a justice and moving to set aside a judgment by default, a defendant waives any defect in the service of the summons.

2. ———: APPEAL. By appealing to the circuit court a defendant dispenses with the necessity of a regular summons before the justice.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

This was a suit commenced before a justice of the peace in Kearney township, Clay county, to recover damages for killing a cow. Summons was issued, directed to the constable of Shoal township, in Clinton county, and was served on the defendant's station agent at Cameron, in that county. The plaintiff recovered judgment by default before the justice, and after moving to set aside the default, on the ground that the justice had no jurisdiction of the person of the defendant, the defendant appealed to the circuit court, where it moved the court to dismiss the suit, on the grounds that the justice did not have jurisdiction of the person of the defendant, and that the summons was improperly directed to the constable of Shoal township. And, in support of the motion, it was shown, that, at the time the summons was issued, the defendant maintained station agents on its line of railroad in Concord and Hardin townships, in Clinton county, and that both of said townships were nearer to Kearney township than was Shoal township. The motion to dismiss was overruled, and the defendant excepted. The plaintiff again had judgment by default, and defendant appealed.

*M. A. Low* for appellant.

*Simrall & Sandusky* and *W. J. Courtney* for respondent.

SHERWOOD, J.—Action before a justice of the peace of Kearney township, Clay county, for killing plaintiff's roan cow. The summons was directed to the constable of Shoal township, Clinton county, and was served by him on defendant's station agent at Cameron, in that county. Section 2865, Revised Statutes, provides that " if there be no such station agent in the county, the justice may issue his summons directed to any constable of the nearest township in any other county where there may be a station agent of such railroad." It was shown that Shoal township was not the nearest township in Clinton county to the township in which the justice resided. This we regard as of no importance in view of the subsequent occurrences in this cause. The justice undoubtedly had jurisdiction of the subject matter, and any defect in the service of the process was waived by the appearance of the defendant and its general motion to set aside the judgment by default. This gave the justice jurisdiction over the person, so to speak, of the defendant. *Boulware v. Railroad Co., ante,* p. 494.

But more than that, the defendant by bringing up the cause by appeal dispensed with the necessity of a regular summons before the justice. When the case reached the circuit court, that court became " possessed of the cause," and the duty of that court, as expressly defined by the statute, was to " proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons or the service thereof." R. S. 1879, § 3052. The special motion filed in the circuit court, to dismiss, was, therefore, properly denied. *Ser v. Bobst,* 8 Mo. 506. It is to be observed that the section of the statute just cited is much more comprehensive than it was formerly, when the case last referred to was decided. *Vide* section 13, page 724, General Statutes 1865, and compare with section 3052, *supra.*

For these reasons judgment affirmed. All concur.