THEODORE J. WITTING, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, November 22, 1887.

1. PRACTICE—DEFECTIVE SERVICE.—An appeal by a defendant, from a judgment of a justice of the peace, cures all defects of service of summons.

2. SUFFICIENCY OF STATEMENT.—In an action before a justice of the peace, a statement, which is sufficient to advise the defendant of the nature of the claim and to bar another action, is sufficiently specific.

3. COMMON CARRIERS—NEGLIGENCE—TORT.—A common carrier may be sued in an action *ex delicto* for an injury caused by its negli. gence to goods entrusted to it for transportation.

4. ———— In such an action, if it appears that the goods were carried under a special contract exempting the carrier from liability for damages caused by certain perils, and that the damage was caused by an excepted peril, there can be no recovery without affirmative proof that the carrier's negligence supervened in causing the injury.

5. ———— THOMPSON, J., dissents and holds that the decision is contrary to a decision of the Supreme Court.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Transferred to the Supreme Court.*

JOHN O'DAY, E. D. KENNA, and ADIEL SHERWOOD, for the appellants : The motion to dismiss should have been sustained, as no copy of the complaint was served on the defendant, and the summons was fatally defective in failing to state " the nature of the suit." Laws Mo: 1883, p. 104 ; *Hill v. Railroad*, 90 Mo. 105–6 ; *Gates v. Eastland*, 89 Mo. 13 ; *Haley v. Railroad*, 80 Mo. 112 ; Rev. Stat., 1879, sect. 2858. The carrier is *prima facie* exempt when he produces the contract and

shows that the shipment was taken at "owner's risk," and that the goods were "marble at owner's risk of breakage," etc. The proof that the carrier was guilty of negligence which was the proximate cause of the injury complained of must then come from the plaintiff, in the absence of which judgment should go for the defendant. *Kiff v. Railroad*, 32 Kan. 263; *Railroad v. Harper*, 44 Ark. 208; *Heil v. Railroad*, 16 Mo. App. 370; *American Exp. Co. v. Perkins*, 42 Ill. 459; *Bradstreet v. Heran*, 2 Blatch. 117; Abb. on Ship. [Story's Ed.] 216; *The California*, 2 Sawy. 12; Hutch. Car., sects. 767, 768; *Whitworth v. Railroad*, 87 N. Y. 413; *Railroad v. Talbot*, 39 Ark. 523; *Railroad v. Corcoran*, 40 Ark. 375; *Railroad v. Hally*, 25 Kan. 35; *Muser v. Holland*, 17 Blatch. C. C. 412; *Carey v. Atkins*, 6 Ben. 562; *Lamb v. Railroad*, 46 N. Y. 278, 281-2; *Farnham v. Railroad*, 55 Pa. St. 53; *Steamboat v. Carney*, 5 Kan. 645; *Morrison v. Construction Co.*, 19 Am. Ry. Reps. 312; *Grace v. Adams*, 100 Mass. 505; *Ward v. Andrews*, 3 Mo. App. 277; *Nolan v. Shickle*, 3 Mo. App. 304-5; *Shultz v. Railroad*, 36 Mo. ¦32; *Czeh v. Nav. Co.*, L. R. 3 C. P. 18; *Dorr v. Nav. Co.*, 11 N. Y. 492-3; *Stump v. Hutchinson*, 11 Pa. St. 533; *The Periere*, 8 Ben. 301; *Lamb v. Railroad*, 7 Allen, 98; *Patterson v. Clyde*, 67 Pa. St. 500; *Railroad v. Reeves*, 10 Wall. 189, 190; *York v. Railroad*, 3 Wall. 107; *Muddle v. Stride*, 9 Car. & Payne, 380; *Harvey v. Railroad*, 6 Mo. App. 585. Instruction number two, given at the plaintiff's request, is in direct conflict with instruction number one given by the court of its own motion. These instructions present different doctrines, were calculated to mislead and confuse the jury, and it was error to give them. *Whitworth v. Railroad*, 87 N. Y. 418-19; *Lamb v. Railroad*, 46 N. Y. 281-82; *Davis v. Railroad*, 89 Mo. 340, 354; *Thomas v. Babb*, 45 Mo. 384; *Price v. Railroad*, 77 Mo. 512; *Wood v. Steamboat*, 19 Mo. 529; *Stevenson v. Hancock*, 72 Mo. 614; Thompson "Charging the Jury," sects. 68, 69; *The State ex rel. v. Nauert*, 2 Mo. App. 297-8; *Donahoe v. Railroad*,

83 Mo. 560 ; *Greer v. Parker*, 85 Mo. 107 ; *Frederick v. Allgaier*, 88 Mo. 603 ; *Gillett v. Corum*, 5 Kan. 514 ; *Welsh v. Railroad*, 20 Mo. App. 477 ; *Singer v. Hudson*, 4 Mo. App. 145 ; *Goetz v. Railroad*, 50 Mo. 474 ; *Swan v. Lullman*, 12 Mo. App. 584 ; *Railroad v. Armstrong*, 49 Pa. St. 193. The court erred in refusing instruction number three asked for by the defendant. It was the right of the defendant to have the jury instructed that the bill of lading constituted the only contract of shipment. *Snider v. Exp. Co.*, 63 Mo. 376 ; *O'Bryan v. Kinney*, 74 Mo. 125 ; *Grace v. Adams*, 100 Mass. 505 ; *Cahn v. Reid*, 18 Mo. App. 115. The court erred in refusing instruction number four asked by the defendant, and in giving instruction number one of its own motion. It was also error to give instruction number one given for the plaintiff; it does not correctly declare the law and has no evidence to support it, and is calculated to mislead and confuse the jury. *Ward v. Andrews*, 3 Mo. App. 277 ; *Nolan v. Shickle*, 3 Mo. App. 304-5 ; *Shultz v. Railroad*, 36 Mo. 32 ; *Conway v. Railroad*, 24 Mo. App. 235 ; *Muirhead v. Railroad*, 19 Mo. App. 634 ; *Chouteau v. Searcy*, 8 Mo. 734 ; *Lamb v. Railroad*, 7 Allen, 98 ; *Morrison v. Const. Co.*, 19 Am. Ry. Rep. 312 ; *Lamb v. Railroad*, 46 N. Y. 278 ; *Farnham v. Railroad*, 55 Pa. St. 53. The court erred in refusing instruction number one asked by the defendant. The defendant is entitled to a verdict when there is doubt whether it has been guilty of negligence, and the court should have so instructed the jury. Hutch. Car., sect. 768 ; *Whitworth v. Railroad*, 87 N. Y. 420 ; *Smith v. Bank*, 99 Mass. 612 ; *Lamb v. Railroad*, 46 N. Y. 281 ; *Cochran v. Dinsmore*, 49 N. Y. 252-3 ; *Muddle v. Stride*, 9 Car. & P. 380 ; *Cahn v. Reid*, 18 Mo. App. 115.

DAVIS & DAVIS, for the respondent : The motion to dismiss should not have been sustained. Rev. Stat., 1879, sect. 3041, art. 9, chap. 44, as amended by act of 1885, p. 187, sect. 2. The appellant, by appearing and

defending the action, waived any right it may have had
to urge to this court that there was not proper service
upon it. *Gant v. Railroad*, 79 Mo. 502; *Fitterling v.
Railroad*, 79 Mo. 504; *Boulware v. Railroad*, 79 Mo.
494. The statement filed before the justice is sufficient
if it advises the defendant of what it is sued for, and is
sufficiently certain to bar another action upon the same
cause of action. *The City of Kansas v. Johnson*, 78
Mo. 661. And the statement is good under the rule in
*Butts v. Phelps* (79 Mo. 302); *Gibbs v. Railroad* (11 Mo.
App. 459); *Johnson v. Moffett* (19 Mo. App. 159), and
cases there cited. The demurrer to the evidence filed by
the defendant at the close of the whole case, was prop-
erly refused. *Levering v. Transit Co.*, 42 Mo. 88;
*Wolf v. Express Co.*, 43 Mo. 421; *Ketchem v. Express
Co.*, 52 Mo. 390; *Snider v. Express Co.*, 63 Mo. 376;
*Rice v. Railroad*, 63 Mo. 315; *Davis v. Railroad*, 89
Mo. 340; *Kirby v. Express Co.*, 2 Mo. App. 369; *Drew
v. Transit Co.*, 3 Mo. App. 495; *Lin v. Railroad*, 10
Mo. App. 125; *Nave v. Express Co.*, 19 Mo. App. 563;
*Lupe v. Railroad*, 3 Mo. App. 77. Instructions numbered
one and two, given at the plaintiff's request, correctly
state the law. *Nave v. Express Co.*, 19 Mo. App. 563;
*Drew v. Transit Co.*, 3 Mo. App. 495; *Davis v. Rail-
road*, 89 Mo. 315, 349; *Kirby v. Express Co.*, 2 Mo.
App. 369. It was not error to refuse instruction number
four, asked by the defendant. It was not error to give
instruction number one, by the court of its own motion.
All the defendant was entitled to was given by the court
in its first instruction given. And instruction number
four refused is not the law. If the defendant's negli-
gence was the proximate cause, or mingled with the
excepted cause as an active and coöperative cause of the
loss or injury of the thing carried by it, the carrier is
still liable. *Read v. Railroad*, 60 Mo. 199; *Clark v.
Railroad*, 39 Mo. 184; *Ballentine v. Railroad*, 40 Mo.
491.

ROMBAUER, J., delivered the opinion of the court.

This suit was instituted before a justice of the peace on the following statement.

> "St. Louis & San Francisco Railroad Company,
> "To Theo. J. Witting (formerly Reichenbach), Dr.
> "To damages in negligently breaking soda apparatus shipped May 2, 1884, from Oswego, Kansas, to St. Louis, Missouri....$200.00"

It is conceded that there was not sufficient service of summons upon the defendant company, and that the company did not appear and defend before the justice, but suffered judgment by default. From this judgment the company appealed to the circuit court, and there moved to dismiss the action on the ground that the justice had not acquired jurisdiction of the person of the defendant, and consequently the circuit court had none. This motion was overruled, and the parties went to trial, which resulted in a verdict and judgment for the plaintiff for two hundred dollars.

The first error assigned by the defendant is, that the court erred in overruling his motion to dismiss. The Supreme Court has repeatedly decided that an appeal taken by a defendant dispenses with the necessity of showing a sufficient service of summons before the justice (*Gant v. Railroad*, 79 Mo. 502; *Fitterling v. Railroad*, 79 Mo. 504); and we have had occasion, at the present term, to follow that ruling in the case of *Eubank v. Pope* (27 Mo. App. 463). The cases cited by the appellant to the contrary have no application because they relate to garnishment proceedings, which depend for their validity upon the question whether the justice acquired jurisdiction of the debt to be condemned, it being well settled that consent, or the voluntary appearance of the defendant garnishee, can not confer jurisdiction. *Masterson v. Railroad*, 20

Mo. App. 653; *Gates v. Tusten*, 89 Mo. 13, 22. This point, therefore, must be ruled against the appellant.

Nor is there any merit in the appellant's second objection that the statement filed fails to state a cause of action, and that the court erred in receiving evidence to substantiate it. The statement filed is sufficiently specific to advise the defendant of the nature of the plaintiff's claim, and sufficiently certain to bar another action for the same cause. That is the proper test. Statements have been held insufficient which did neither of these, as "Nicholson, debtor to Marion Swartz, fourteen dollars" (*Swartz v. Nicholson* 65 Mo. 508); or the "plaintiff states that the defendant is indebted to him in the sum of fifty dollars, lawful currency, for which he asks judgment." *Butts v. Phelps*, 79 Mo. 303. But our attention has not been called to any case wherein a statement filed before a justice of the peace did comply with the two requirements above stated, and was held insufficient, unless it omitted to state jurisdictional facts.

This brings us to the substantial complaint of the appellant, that the rulings of the court upon the evidence, and its instructions to the jury, were erroneous.

The plaintiff testified, in substance, that the soda fountain in controversy was made entirely of marble; that he acquired it in trade from one Kingsbury, in Oswego, and had instructed the latter to ship it to him; that the fountain was received at the defendant's freight depot in St. Louis, by the plaintiff's brother; that when the fountain reached the plaintiff's place of business one side of the crate was broken, one of the braces was broken in two, and the others were drawn out of place, and the apparatus was broken on the inside of the crate; that the crate which inclosed the apparatus was made of part of the crate in which the fountain had formerly been shipped to Oswego; that the fountain had been placed in the center of the crate with inside braces on each side, and at the top, to keep it in place; that one of these inside braces was broken and the others thrown

out of place, thus causing the apparatus to move; that the packing was as is usual in such cases. The plaintiff also testified that the fountain was worth two hundred and ninety dollars, and worth only ninety dollars, when he received it; that he had the fountain restored, making really a new fountain out of it; that he paid fifty dollars for the marble used in repairing it, but does not know what he paid for the labor.

The plaintiff's brother testified that he received the fountain at the St. Louis depot; that two of the boards of the crate were broken at the time, and that he transported it with care from the depot to his brother's store. This, and proof that the fountain was received for transportation by the defendant at Oswego, constituted the plaintiff's case.

The defendant gave evidence showing that the fountain was shipped at Oswego by Kingsbury under a bill of lading containing "exceptions as to the dangers incident to railroad transportation and unavoidable accidents," and subject to the condition that "marbles shipped were at owner's risk of breakage." Kingsbury, the shipper, testified that the fountain was an old one, and the marbles fastened with screws run through the outside slab into screw-holes which were in the inner slab; that holes were drilled in the marble, these holes filled with metal, and threads for the screws cut in the metal; that the fountain being old the screw-holes were worn too large for the screws, and that he had frequently plugged the holes with wood so that the screws would not slip out, but he did not remember whether he plugged these holes just before he shipped the fountain; that the fountain was packed like a sewing machine in a crate; that it was very heavy; that it had to be tipped to get it into the dray; that he did not see the fountain after it left his place, and could not say what its condition was when delivered to the defendant.

The defendant also gave in evidence the depositions of the trainmen who handled the car in which the fountain was shipped, from the time it left Oswego until it

reached the defendant's freight depot in St. Louis; their
evidence tended to show that the car was carefully for-
warded in the usual and customary manner, without any
unusual jarring or jolting, and without accident or col-
lision; and that the car was not opened, nor any freight
placed in or taken out of the same while it was in transit.
In addition to this the loading clerk of the defendant in
St. Louis testified that he opened the car and found the ap-
paratus standing upright near the car door in good shape;
that he and his men took it out and placed it carefully
on the warehouse floor; that the crate had the appear-
ance of a second-hand crate, and was too large to fit the
fountain properly.

At the close of the entire case the defendant requested
the court to instruct the jury that the plaintiff could not
recover. This instruction the court refused, and prop-
erly so. We have fully stated our reasons for so hold-
ing, in *Heil v. Railroad Company* (16 Mo. App. 363),
and will restate them briefly here. That the carrier may,
by special contract, except certain risks and perils to
which goods are subject in course of transportation is
conceded, yet, when sued on his liability at common law,
a sufficient case is made out against him by showing his
failure to deliver goods in such condition as they were
delivered to him. He occupies the position of an in-
surer against all risks, with certain exceptions, and it is
for him to show that the injury was due to a cause fall-
ing within such exceptions. He was sued upon such
liability in this instance.

If the defendant carrier claims that the goods were
shipped under a special contract, excepting other risks
and perils than those excepted at common law, it is for
him to establish the contract and show that the risk or
loss was excepted by such contract. We can not see how
the court can non-suit a plaintiff after he has made a
*prima-facie* case, as long as the burden of proof on any
part of the case rests with the defendant.

The law that is applicable to this class of cases is
clearly stated by Judge Wagner, in *Read v. Railroad* (60

Mo. 206), thus: "When the loss of the goods is established the burden of proof devolves upon the carrier to show that it was occasioned by some act which is recognized as an exception. This shown, it is *prima facie* an exoneration, and he is not required to go further and prove affirmatively that he was guilty of no negligence. The proof of such negligence, if negligence is asserted to exist, rests on the other party. It is competent for the owner to show that the injury might have been avoided by the exercise of reasonable skill and attention on the part of the carrier. For then, without regard to his exemption from liability, it would be considered as a loss happening on account of his negligence and inattention and the want of that care and diligence which the law imposes on him. But the burden devolves upon him to counteract the case made by the carrier when it is shown that the loss occurred on account of some act excepted in the contract or undertaking."

It is claimed that this language was a mere *obiter dictum*, and was unnecessary to the decision of the case, and is at war with the result arrived at. This, however, is a mistaken view. The judgment, which was for the plaintiff, was affirmed because it appeared by the defendant's answer and by the evidence, that the loss was caused, not by the act of God, but by the carrier's negligent delay. The judgment was affirmed upon a review of the whole record, as the defendant, under the facts of the case, could not have been prejudiced by the erroneous instructions of the trial court as to the burden of proof.

The language used by Judge Wagner in the above case is not substantially different from that used by Mr. Justice Miller, in *Railroad v. Reeves* (10 Wall. 189), and the language thus used is approved as a correct exposition of the law in the recent case of *Davis v. Railroad* (89 Mo. 354), where the point was directly involved in the decision of the court. In that case the defendant claimed that the loss was caused by an act of

God, and the plaintiff, that the carrier's negligence had supervened. The defendant asked the following instruction:

"The court further instructs the jury that if the evidence shows that the injury to the plaintiff's goods was caused by a sudden, violent, and extraordinary flood at the city of Toledo, whilst the goods of the plaintiff were in the cars at the transfer-house at Toledo, the verdict of the jury must be for the defendant, unless the plaintiffs have shown that the defendants were guilty of some specified negligence with reference to the goods, which actually coöperated with the act of God to produce the injury."

This instruction the court refused to give, and its refusal was one of the reasons assigned by the Supreme Court for the reversal of the judgment, which, in the court below, was in the plaintiff's favor.

There can not, on principle, be any distinction between cases where the peril is one excepted at common law and those where the peril is excepted by contract between the parties. We are aware of no case where such distinction was attempted. In *Farnham v. Railroad* (55 Pa. St. 53) the peril excepted was loss by fire. In *American Express Co. v. Perkins* (42 Ill. 461) a loss by breakage. In *Dorr v. Navigation Co.* (11 N. Y. 480) a loss by fire. In *Nelson v. Railroad* (48 N. Y. 498) a loss by breakage, and in *Kiff v. Railroad* (32 Kan. 263) a loss by breakage and fire, the goods being shipped at owner's risk. In all these cases it is held that the *onus* of proving negligence is upon the plaintiff, and in none that he has acquitted himself of that burden by proof that the goods were delivered to the carrier in a sound condition, and delivered by him in an injured condition. On the contrary, in several of these cases the judgment in favor of the plaintiff was reversed because he failed to show specific acts of negligence on the part of the carrier.

We may, therefore, assume as established beyond controversy, both in this state and elsewhere, that, where

goods are shipped under a special contract, exempting the carrier from liability for damages caused by certain perils, and the goods are shown to have been injured by the perils thus excepted, the *onus* of proving that the carrier's negligence supervened, and was the proximate cause of the loss, rests with the plaintiff who seeks to recover for the injury.

In the case at bar there was sufficient evidence of a special contract to establish it. That special contract exempted the carrier from liability if the loss consisted in the breakage of marbles, and was occasioned by the ordinary dangers incident to railroad transportation, such as the jolting, jostling, or surging, of cars. If the contract was established the burden of showing that the breakage was not the result 'of these common dangers, but the result of the carrier's negligence, was upon the plaintiff.

This being the unquestioned law, the court, among other things, instructed the jury as follows :

"The court instructs the jury that if they believe from the evidence that the soda apparatus in question was, when taken possession of by the defendant for the purpose of carrying the same from Oswego to St. Louis, in good order, that is to say not broken, and it was properly packed for such shipment, and that the same was delivered in St. Louis in an injured and broken condition, then the law presumes that such damage and injury was occasioned through the fault of the defendant, provided, also, that the jury believe and find that, by the exercise of ordinary care on the part of the defendant's employes handling its trains and handling the said soda apparatus, the same could be carried and delivered to the consignee in the same condition it was when the defendant received it."

That this instruction, under the evidence, was highly prejudicial to the defendant, must be conceded. It made the happening of the accident *prima-facie* evidence of the defendant's liability, although the accident

itself, to-wit, breakage of marbles, was exempted by the contract between the parties, and the *onus* of proving negligence was thrown upon the plaintiff. The mere fact that the marbles were properly packed for shipment, when delivered, could not, of itself, be controlling, not only because there is no evidence that marbles properly packed, or packed as this was, are not liable to be broken by the ordinary dangers incident to railroad transportation; but also as there was no evidence whatever that the defendant failed to use ordinary care in handling this particular item of freight, or the car wherein it was shipped, but, so far as lay in its power, produced evidence to the contrary. See *Harvey v. Railroad*, 6 Mo. App. 585.

That the jury were misled by this instruction very plainly appears by their answer to one of the interrogatories propounded to them. When asked to state specifically in what the negligence of the defendant consisted, provided they found such negligence, they answer: "We believe it [the fountain] was received in good order and delivered in bad order." Thus clearly showing that, under the instruction of the court, the jury felt authorized to find negligence from that fact alone.

We may safely admit that the articles shipped may be of such a shape, or that the breakage may be of such a character, that, from the physical facts of the case alone, an almost irresistible inference of negligence may arise, sufficient, at least, to shift the burden of proof again on the carrier, but even in that case the inference is one of fact, and not of law. Under the evidence, as hereinabove detailed, the breakage, as a question of fact, might have been caused either by the carrier's negligence or by the ordinary dangers of transportation, and yet the court tells the jury, in substance, that the law presumes that it was caused by the carrier's negligence.

We do not claim that there is a difference in this regard between a carrier acting under a special contract limiting his liability and any other bailee. They stand precisely on the same footing. Where any other bailee agrees to return property in as good condition as re-

ceived, excepting certain perils, and the injury is shown to be due to one of these perils, he is *prima facie* exempt, and the burden of showing negligence is cast upon the bailor. No case to the contrary can be found in the books.

Some difficulty arises in this class of cases owing to some of the earlier *dicta* and decisions of the Supreme Court and this court, in *Levering v. Transit Company* (42 Mo. 88); *Ketchum v. Express Company* (52 Mo. 390); and *Drew v. Transit Company* (3 Mo. App. 495). Whether these *dicta* and decisions can be reconciled with the later express decisions of both courts in *Davis v. Railroad* (89 Mo. 354), and *Harvey v. Railroad* (6 Mo. App. 585), it is needless to discuss, because if they can not be, they must yield to the latest authoritative decisions announcing the law of the state, and harmonizing it with the decisions in other jurisdictions.

We may add that there is nothing in the instructions given by the court of its own motion which remedies this error. These instructions were irreconcilable with the instructions given for the plaintiff, if their proper construction is as claimed by the plaintiff's counsel, because the burden of proof as to the same fact could not lie, in the very nature of things, with both parties. If the mere receipt of the marbles in good order, properly packed, to the carrier, and their nondelivery by him to the consignee in like good order, is presumptive evidence of negligence on the part of the carrier, then he stands as at common law, and gets no benefit from his special contract, which, in case of breakage, an excepted risk shifts the burden of proof.

The court committed no error in excluding evidence as to the meaning of certain phrases in the contract. There is nothing ambiguous in the language of the contract, and its interpretation was a matter of law for the court. But as the court clearly erred in its instruction to the jury given on the plaintiff's behalf, and as such error was unquestionably prejudicial to the defendant,

the judgment must be reversed and the cause remanded. It is so ordered.

In the view herein expressed, Judge Lewis concurs. Judge Thompson is of opinion that the decision is opposed to a previous decision of the Supreme Court. It is, therefore, ordered that the clerk certify the cause and the original transcript herein to the Supreme Court for its final determination, and that all proceedings on the judgment of this court be stayed until the final disposition of the cause by the Supreme Court.