WILLIAM J. RICE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 27, 1888.

JUSTICE'S COURT—APPEAL EQUIVALENT TO GENERAL APPEARANCE. The taking of an appeal by a defendant from the judgment of a justice of the peace waives all errors or imperfections in the service of process, and is equivalent to a general appearance to the merits, in the circuit court.

APPEAL from the Washington Circuit Court, HON. JOHN L. THOMAS, Judge.

*Affirmed.*

GEO. H. BENTON, for the appellant: The summons in this case is void, because it fails to state the "sum demanded," as required by statute. Rev. Stat., sec. 2858; *Brandenburger v. Easley*, 78 Mo. 659. The summons is also void, and the court had no jurisdiction of the case, because it was served by a deputy constable without disclosing the name of his principal. Rev. Stat., sec. 2858, 2862; *Mangold v. Dooley*, 89 Mo. 111; *Fletcher v. Wear*, 81 Mo. 524; *Eyerman v. Payne*, 28 Mo. App. 72.

JOHN F. BUSH, for the respondent: Appellant's failure to file an assignment of errors, brief and abstract of the record, warrants an affirmance of the judgment of the circuit court, under the rules of this court and the statutes of this state, and entitle the respondent to such affirmance. *Glass v. Pennock*, 17 Mo. App. 143; *Dykes v. Railroad*, 17 Mo. App. 174; *Wagon Co. v. Carney*, 17 Mo. 330; *Swallow v. Duncan*, 17 Mo. 336; *Mister v. Corrigan*, 17 Mo. App. 510; *State v. Whitten*, 23 Mo. App. 459; *Disse v. Frank*, 52 Mo. 551; *Birch*

*v. Hoy*, 57 Mo. 412; *Miller v. Folinsbee*, 59 Mo. 143; *State v. Smith*, 60 Mo. 515; *Johnson County v. Bryson*, 26 Mo. App. 484.    Appellant's failure to serve copies of brief and abstract on respondent's attorney justifies affirmance or dismissal of appeal.    18 Mo. App. 539. Besides, the appeal has no merits, involving mere technicalities.    Rev. Stat., sec. 3775; *Valle v. Picton*, 91 Mo. 207; *Otto v. Bent*, 48 Mo. 25.    Moreover, the taking of the appeal by the defendant to the circuit court from the judgment of the justice was a waiver of any errors, defects, or imperfections in the original process or summons from the justice, which the record may disclose.    Rev. Stat., sec. 3052; *Gant v. Railroad*, 79 Mo. 502, 503; *Boulware v. Railroad*, 79 Mo. 495. Even before the enactment of this statute the "bringing up a cause by appeal to the circuit court from a justice's judgment," was a waiver of all errors, defects, and imperfections in the original summons of the justice. *Ser v. Bobst*, 8 Mo. 506, 507.

THOMPSON, J., delivered the opinion of the court.

The plaintiff brought this action before a justice of the peace to recover double damages, under the statute, for killing one of his cows and injuring another.    Summons was issued to the constable of the township, but it did not specify the amount of damages claimed, and it was served by a deputy constable, who signed the return in his own name without mentioning the name of his principal.    The defendant did not appear before the justice, but suffered judgment to go against it there by default, and then appealed to the circuit court.    In the circuit court the defendant, professing to appear for no other purpose, moved the court to dismiss the action, assigning as a reason for the motion that the summons did not comply with the requirements of the statute and was void, and did not confer any jurisdiction whatever over the subject-matter.    This motion the court overruled; the defendant excepted and refused to appear further;

whereupon the court tried the issues and gave judgment for the plaintiff, from which this appeal is taken.

The act of March 31, 1885 (Laws of 1885, p. 187), relating to appeals from justices of the peace, provides that "the affidavit and bond for appeal filed, shall be taken and considered by the appellate court as an entrance of appearance." This provision of the statute is challenged on the ground that it is tacked on to an amendment to section 3041, Revised Statutes, without being clearly expressed in the title of the bill. We need not consider whether it is constitutional or not, since it is merely declaratory of what the law has been in this state since the decision of the Supreme Court in *Ser v. Bobst*, 8 Mo. 506, both before and after the enactment of the statute as it stands in the present revision at section 3052,—except that it ascribes to the filing of the affidavit for appeal and appeal bond, what the previous rule ascribed to the return of the papers by the justice to the office of the clerk of the circuit court. By this section, when an appeal is taken from a justice of the peace and the justice's return is filed in the clerk's office, the circuit court becomes "possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the original summons or the service thereof, or on the trial, judgment, or other proceeding of the justice or constable in relation to the cause." The settled construction of this section is, that an appeal by a defendant from a justice to the circuit court is tantamount to a general appearance by the defendant in the circuit court for the purposes of a contestation of the plaintiff's demand on the merits. *Boulware v. Railroad*, 79 Mo. 494; *Gant v. Railroad*, 79 Mo. 502; *Fitterling v. Railroad*, 79 Mo. 504. It is not a correct view that a regular summons is necessary to give jurisdiction of the subject-matter; its office is merely to give jurisdiction of the person of the defendant. By a general appearance any defect in it is waived.

Judge Rombauer concurring, the judgment is affirmed.

ROMBAUER, P. J., delivered a separate opinion.

The position taken in the opinion is supported by the cases cited therein, although seemingly opposed by *Brandenburger v. Easley*, 78 Mo. 659, which case appellant cites and relies on.

As the cases cited in the opinion are the last controlling decisions of the Supreme Court on the question decided, we are bound by the constitution to follow them, even should we be of opinion that they cannot be reconciled with *Brandenburger v. Easley*, which case seems never to have been overruled in express terms.