RICHARD FITZPATRICK, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 19, 1889.**

1.  Justices' Courts: IDENTIFICATION OF STATEMENT. Where a paper was used, without objection or exception, in the circuit court, on a motion to dismiss, as the statement which had been filed in the cause with the justice of the peace, and no attempt was made to show that it had not come from the proper custody, it was, as in all other cases, the duty of the court to determine the identity of the paper before considering its effect; and an appellate court will not interfere with such determination, except upon a plain showing that it was wrong in point of fact.

2.  Justices' Courts: EFFECT OF APPEAL. The taking of an appeal from a justice of the peace to the circuit court waives all errors and imperfections in the service of process, and is equivalent to a general appearance to the merits in the circuit court.

    Justices' Courts: JURISDICTION: ADJOINING TOWNSHIPS. In an action for an injury which must have been committed either in the township where the justice of the peace resides, or in an adjoining township, if the necessary jurisdictional fact was clearly proved in the circuit court, and the same fact is admitted by counsel for the appellant in their printed argument before the appellate court, there can be no reversal on the sole ground that such jurisdictional fact did not appear in the statement filed with the justice.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*W. A. Martin*, for the appellant.

There was no statement filed with the justice before the writ was issued. There was no copy of statement served on appellant. If there had been statement filed

with the justice the return of the constable does not show a valid service. The summons is not good. It directs the constable to summon defendant through its agent, P. J. Gannon, when the statute says the summons shall be issued against defendant as in ordinary actions. If the service was sufficient, plaintiff's own showing leaves the court without jurisdiction. The statement he offered in evidence shows the injury took place in Jefferson township, Monroe county, Missouri, and the suit brought before a justice of Indian Creek township, and does not show the two townships are adjacent to each other; hence from the face of the papers the justice has no jurisdiction. R. S. 1879, sec. 2851 ; Sess. Acts 1883, p. 104 ; *Hewitt v. Wetherby*, 57 Mo. 276 ; *State v. Persinger*, 76 Mo. 346 ; Const. Mo., sec. 28, 34, art. 4 ; Sess. Acts 1883, p. 104 ; *Hewitt v. Wetherby*, 57 Mo. 276 ; Sess. Acts, 1883, p. 104 ; R. S. 1879, secs. 2835, 2839 ; *Haggard v. Railroad* 63 Mo, 302 ; *Gideon v. Hughes*, 21 Mo. App. 528 ; *Allen v. Schaunweghausen*, 8 Mo. App. 229 ; *Backensto v. Railroad* 23 Mo. App. 148 ; *Manuel v. Railroad*, 19 Mo. App. 631. The fact is that Indian Creek township and Jefferson township are both in Monroe county, Missouri, and are adjacent townships, but this fact does not appear from the writ or statement found among the papers sent up to the circuit court by the justice with his transcript. On the second point for reversal, appellant is aware of the various decisions which hold that taking an appeal from the judgment of a justice of the peace amounts to a full appearance to the action in the circuit court and that an appearance waives all informalities of service. This is held in the case of *Blunt v. Railroad*, 55 Mo. 157, in construing section 13, Wag. Stat., p. 849, which is the same in substance as section 3052, Revised Statutes 1879. But it is also held in the same case that appellant is allowed by motion in the circuit court to demonstrate the purpose of his appeal.

So we take it that when there was a special appearance in the justice's court, appellant would not, under section 3052, be held to a general appearance on taking an appeal after the overruling of special motion. But the Acts of 1885, ( Sess. Acts of 1885, p. 186, 187,) if valid, makes it one of the conditions upon which the right to appeal is founded that the filing of the affidavit and bond for appeal shall be taken by the appellate court as an entrance of appearance. Appellant maintains that this act is in violation of sections 28 and 34, article 4 of the constitution.

*R. J. Bodine*, for the respondent.

Thompson, J., delivered the opinion of the court.

This action was brought before a justice of the peace to recover sixty dollars, the alleged value of a cow killed by a locomotive engine and cars of the defendant. There was a judgment by default before the justice and the defendant appealed, filing the usual affidavit and giving the usual bond for appeal. In the circuit court the defendant appeared and moved the court to dismiss the case, professing to appear for the purpose of the motion and for no other purpose. The ground assigned for the motion was twofold : (1) That the justice had no jurisdiction of the case. (2) That no statement had been filed before the justice or served on the defendant. The court proceeded to try the motion, and upon the trial of it the defendant, to sustain the issues on his part, put in evidence the justice's transcript and also the writ of summons which had been issued by the justice, together with the return of the constable thereon. The defendant also put in evidence the motion filed by it before the justice, asking to have the judgment which the justice rendered set aside and the cause dismissed for want of jurisdiction. This constituted the evidence adduced by the defendant

in support of the motion. The plaintiff then offered in evidence what the record recites as "the statement found among the papers."

Thereupon the court overruled the motion to dismiss, and, the defendant refusing to plead further, the following proceedings shown by another bill of exceptions, were had. The plaintiff introduced evidence tending to prove that Jefferson township and Indian Creek township, at the time of the cause of action complained of were, and ever since have been and now are, adjoining townships, both in Monroe county, Missouri; and that the cause of action arose in Jefferson township; and also evidence tending to prove that James E. McLeod, the justice of the peace before whom the action was commenced, was a justice of Indian Creek township; and also evidence tending to prove "all other allegations set out in the statement found on file among the papers in the case and copied in the bill of exceptions." ·The court thereupon gave judgment affirming the judgment of the justice of the peace. The judgment rendered by the circuit court recites that it duly appears that at the time of the cause of a ction complained of the township of Jefferson and the township of Indian Creek were, and ever since have been and · now are, adjoining townships in Monroe county, and that the cause of action arose in Jefferson township and that the judgment below was in a justice's court of the adjoining township of Indian Creek. From this judgment the defendant appeals to this court and assigns for error the following points:

(1) That there was no statement filed with the justice before the writ was issued. It is to be observed with reference to this, and generally with reference to the other assignments of error, that the record which is brought here is made up in a very informal manner, but we gather enough from it to satisfy us that this first assignment of error is not well taken. It is to be observed

that a paper which the first bill of exceptions recites as
" the statement filed among the papers," was offered
and admitted in evidence in the cause without objection
or exception.   This paper could have no possible rele-
vancy, and could not possibly be admitted in evidence,
as it was, on the trial of the motion to dismiss, except
on the theory that it was the statement which had been
filed before the justice, upon which the cause had been
tried there.   All questions of fact preliminary to the
admission of evidence, oral or written, must in general
be tried and decided by the judge. 1 Thom. Tr., sec.
318, *et seq.*   In pursuance of this rule; it is for the judge
to decide where a document is offered in evidence and
objected to on the ground that it has not *not come from
the proper custody,* whether it has come from the proper
custody or not ; and an appellate court will not interfere
with his decision unless it appears to be clearly wrong.
*Shrewsbury v. Keeling,* 11 Ad. & El. ( N. S. ) 884,889 ;
*Jacobs v. Phillips,* 8 Ad. & El. ( N. S. ) 158; *Reese v.
Walters,* 3 Mees. & W. 527,531, per Parke, B.   Here, if
the paper which was offered in evidence as the statement
which had come from the justice of the peace had been
objected to on the ground that it did not come from the
proper custody, and the court had overruled the objec-
tion we could not reverse the court's decision except
upon a plain showing that it was wrong in point of fact.
But there was no such objection and no such showing.
The ordinary presumptions of right-acting attend the
proceedings of justices of the peace in cases within their
jurisdiction ; and we are not authorized to presume upon
mere conjecture that this statement was filed before the
justice after the summons was issued or that it did not
come from the justice to the circuit court.   It was the
duty of the court to determine that question as a ques-
tion preliminary to the reception of the paper in
evidence, and we must presume, upon familiar grounds,
in support of the action of the circuit court, in the

absence of any showing to the contrary, that the court determined it rightly.

(2) The next three objections range themselves under one head and are disposed of by reference to one principle. They are: (1) That there was no copy of the statement served on the appellant. (2) That if there had been a statement filed with the justice, the return of the constable does not show a valid service; and, (3) That the summons is not good. It was decided by this court in *Rice v. Railway*, 30 Mo. App. 110, that the taking of an appeal by the defendant from a judgment of a justice of the peace waives all errors or imperfections in the service of process, and is equivalent to a general appearance to the merits in the circuit court. It was there pointed out that such has been the law of this state ever since the decision of the supreme court in *Ser v. Bobst*, 8 Mo. 506, and that it is, therefore, needless to inquire, with reference to this question, whether the act of March 31, 1885, ( Laws of 1885, p. 187, ) relating to appeals from justices of the peace, which provides that " the affidavit and bond for appeal filed, shall be taken and considered by the appellate court as an entry of appearance,"—was passed in conformity with the mode pointed out by the constitution or not; since the rule there prescribed had long been the law of this state prior to the passage of the statute. The same general proposition, that an appeal by a defendant from a judgment of a justice of the peace cures all defects in the service of process against the defendant, had been previously decided by this court in *Witting v. Railroad*, 28 Mo. App. 103, and *Eubank v. Pope*, 27 Mo. App. 463. In these cases numerous decisions of the supreme court establishing this rule of procedure were cited. This disposes of the assignments of error which relate to the summons and the mode of its service.

(3) Finally, it is assigned for error that if the

service was sufficient, the plaintiffs own showing leaves the court without jurisdiction. The argument is that the statement which the plaintiff offered in evidence showed that the injury took place in Jefferson township, Monroe county, and that the suit has been brought before a justice of the peace of Indian Creek township, in that county, and that the statement did not show that the two townships were adjacent to each other ; wherefore it is argued that on the face of the papers the justice does not appear to have had jurisdiction. This is true ; but it is admitted in the printed argument filed on behalf of the defendant "that Indian Creek township and Jefferson township are both in Monroe county, Missouri, and are adjacent townships." In the face of this solemn admission, it would be judicial nonsense to reverse the judgment and remand the cause for the mere purpose that the record might be corrected so as to supply this jurisdictional defect. But if the defendant had not made this admission, we should not be authorized to reverse the judgment on this ground ; for it was proved as a fact in the circuit court, as already stated, that Jefferson township, in which the animal was killed, and Indian Creek township, within and for which justice McLeod, before whom the action was brought, was a justice, were adjoining townships. The jurisdiction of the justice is not only admitted in this court, but it was thus made to appear in the circuit court. A jurisdictional question as to the subject-matter may be raised at any stage of a proceeding, and an objection for want of jurisdiction is never too late if well taken. But the decision of this court in *Kennedy v. Prueitt*, 24 Mo. App. 414, goes to show that this is a question which must be tried by the whole record. And while it is true that, as a general rule, the jurisdictional fact which is here under consideration must be both pleaded and proved ; yet it does not follow, in a case where it was distinctly proved, that we are to reverse the judgment

on this ground merely, that the statement upon which the cause was tried before the justice may be amended so as to recite the jurisdictional fact, in the face of section 3775, Revised Statutes, which forbids us to reverse judgments for matters which do not materially affect the merits of the action.

The judgment will be accordingly affirmed. All the judges concur.