STATE ex rel. FAIRBANKS, MORSE & COMPANY, Respondent, v. M. A. AYERS, Justice of the Peace, etc., Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. **CERTIORARI:** Not of Right: Adequate Remedy: Appeal. Certiorari is not a writ of right and is only to be used where there is no adequate remedy; and an appeal is an adequate remedy.

2. **JUSTICES' COURTS:** Jurisdiction: Appeal. Where the defendant in a justice's court makes timely objection to the jurisdiction and pursues his objection to the circuit court, his appeal does not waive the question of jurisdiction over his person.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

REVERSED (*with directions*).

*Bente & Wilson* and *W. D. Steele* for appellant.

(1) A writ of certiorari is to prevent inferior courts from exceeding their jurisdiction where no appeal lies. State ex rel. v. Co. Court, 45 Mo. App. 387; State ex rel. v. Edwards, 104 Mo. 125; State ex rel. v. Shelton, 154 Mo. 670, 692. (2) The writ is only allowed where no appeal or writ of error is afforded. Railway v. Young, 96 Mo. 39; State ex rel. v. Cauthorn, 40 Mo. App. 94; State ex rel. v. Shelton, 154 Mo. 670, 692. (3) It had an adequate remedy at law. Respondent should have appealed from the decision of said justice. R. S. 1899, secs. 4059, 4060. (4) A writ of certiorari cannot be used as a substitute for an appeal where the circuit court has jurisdiction of the subject-matter by an appeal. State ex rel. v. Shelton, 154 Mo. 670, 692.

*Sangree & Bohling* for respondent.

(1)   In cases in which the statute has not provided
an appeal, the appellant power over judgments and or-
ders of the county courts or inferior tribunals has to
be exercised by means of writ of certiorari.   Snoddy
v. Pettis County, 45 Mo. 361.   (2) The effect of filing
an affidavit and bond is to cure all prior defects in
procuring jurisdiction over the person.   R. S. 1899, sec.
4060;  Rice v. Railroad, 30 Mo. App. 110; Witting v.
Railroad, 28 Mo. App. 103; Fitzpatrick v. Railroad, 34
Mo. App. 280.   (3) Certiorari is the appropriate reme-
dy where an inferior tribunal acts without jurisdiction
or in access of jurisdiction.   State ex rel. v. Shelton,
154 Mo. 670; Fry v. Armstrong, 109 Mo. App. 482;
Shoe Co. v. Fry, 104 Mo. App. 134.

.BROADDUS, P. J.—On the twenty-third day of
April, 1904, one George Withers began suit in Sedalia
township, Pettis county, before M. A. Ayers, justice of
the peace, against the relator, Fairbanks, Morse & Co.,
a corporation organized under the laws of the State of
Illinois with a branch office in St. Louis, Missouri. The
summons was served by the constable of said township
by reading the same to one, Charles Easton, agent of
said corporation on the 14th day of June, 1904, in Sedalia
township.   On June the 24th 1904, judgment was ren-
dered in favor of the plaintiff for $191.50.   On July
the 2nd, 1904, during the session of the circuit court
for the county, the relator applied for and was granted .
a writ of certiorari, which was served upon the respon-
dent on the same day.   In due time, respondent moved
to quash the writ on the following grounds among oth-
ers, viz:   That the same was improperly issued; and
that the relator had an adequate remedy by appeal. The
motion to   quash   was overruled and respondent   ap-
pealed.
   It is insisted, and properly,  that the writ of cer-

tiorari is not a writ of right, and is only to be issued where there is no other adequate remedy. [State ex rel. v. Woodson, 161 Mo. 444; Ward v. Board, 135 Mo. 309.] The relator had a complete remedy by appeal.

But it is contended by relator that had it appealed, it would thereby have waived the question of jurisdiction. It was held in Rice v. Railway, 30 Mo. App. 110, that "the taking of an appeal by a defendant from a judgment of a justice of the peace waives all errors or imperfections in the service of process, and is equivalent to a general appearance to the merits, in the circuit court." And such was the holding in Fitzpatrick v. Railway, 34 Mo. App. 280; Witting v. Railroad, 28 Mo. App. 103. But in Trimble v. Elkin, 88 Mo. App. 229, this court held that an appeal from the judgment of a justice did not waive jurisdiction of the person. However, the St. Louis Court of Appeals in Meyer v. Ins. Co., 92 Mo. App. 392, held that it did. The latter case was certified to the Supreme Court because it was in conflict with the former one, and that court holds that when "the defendant made timely objection to the jurisdiction over it, both in the justice's court and the circuit court," that it did not waive the question of jurisdiction by appealing to the circuit court after judgment. [Meyer v. Insurance Co., 184 Mo. 481. See also Bente v. Remington Typewriter Co., 116 Mo. App. 77.]

Cause is reversed with directions to the trial court to set aside its judgment overruling respondent's motion to quash the writ, and to enter in lieu thereof a judgment sustaining the same. All concur.