JOHN H. EUBANK, Respondent, v. POPE, LOCKWOOD &
          ‚         COMPANY, Appellants.

St. Louis Court of Appeals, October 25, 1887·

27  463
34  285
27  463
44  488
27  463
71  561
71  563
27    463
92  1398

1.  PRACTICE—JURISDICTION—DEFECTIVE SERVICE CURED—APPEALS—
    JUSTICES.—An appeal, by the defendant, from a judgment of a
    justice, in a cause in which the service of summons is insufficient,
    and in which the defendant does not appear, cures the defect and
    gives the circuit court jurisdiction.

2.  ——— AMENDMENTS.—On appeal from the judgment of a justice
    of the peace, an amendment which merely amplifies the plain-
    tiff's statement, without changing the cause of action, is properly
    allowed.

APPEAL from the Knox County Circuit Court, BEN.
E. TURNER, Judge.

*Affirmed.*

O. D. JONES, for the appellants :  In this action an
amendment can not be made on appeal to make jurisdic-
tional facts appear. *McQuoid v. Lamb,* 19 Mo. App.
153.  A person will not, on appeal, be permitted to
change the theory on which the cause was tried below.
*Whetstone v. Sham,* 70 Mo. 575 ; *Sumner v. Rogers,*
90 Mo. 330 ; *Walker v. Owen,* 79 Mo. 568 ; *Nance v.
Metcalf,* 19 Mo. App. 183.

G. R. BALTHROPE, for the respondent:  The appeal
cured the defects of service.  *Hulett v. Nugent,* 71 Mo.
131, 135 ; *Reddick v. Newburn,* 76 Mo. 423 ;. *Fitterling
v. Railroad,* 79 Mo. 504.  The amendment did not
change the cause of action and was properly permitted
to be made.  *Brashear v. Strock,* 46 Mo. 221 ; *Webb v.
Robertson,* 74 Mo. 380 ; *Manze v. Railroad,* 87 Mo.
278.  And jurisdictional defects in a statement before a

justice of the peace may be amended on appeal to the circuit court. *Vaughn v. Railroad*, 17 Mo. App. 4, 8.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff, a livery-stable keeper in the city of Edina, sued before a justice for damages sustained by the over-driving of a pair of horses and buggy by the defendants' servants. From the justice's judgment the defendants appealed to the circuit court, where the plaintiff again obtained a verdict and judgment.

The defendants are a business firm, resident in the state of Illinois, and having a business office in Edina, Missouri, where their business is carried on by I. H. Willis, an agent, charged with general powers for that purpose. The constable made return that he had served the summons by delivering a copy thereof "to I. H. Willis, the agent and servant of Pope, Lockwood & Company, at their place of business," etc. The defendants moved before the justice for a dismissal for want of jurisdiction. This motion was denied, and they renewed it unsuccessfully in the circuit court. There was, of course, no valid service of process under the statute. But our Supreme Court holds, in *Gant v. Railroad* (79 Mo. 502), that the taking of an appeal to the circuit court waives all defects or omissions touching the original service, and brings the appealing party into court for all the purposes of the cause. This ruling is conclusive against the defendants on the question of jurisdiction over their persons.

The complaint filed with the justice averred that the defendants were "an association composed of Thomas Pope, W. R. Lockwood, and John W. Hurtze." The circuit court permitted the plaintiff to amend by alleging that, "the defendants were then and are now associated together under the firm name of Pope, Lockwood & Company, composed of Thomas Pope, W. R. Lockwood, and John W. Hurtze," and that "the defendants contracted, in their said firm name, with and

hired a team of horses," etc. The original complaint charged that, when the horses were hired, it was expressly agreed that they were to be driven from Edina to Sand Hill and back, the entire distance being twenty-four miles, over and along the direct, usually traveled public road, "and to no other place and on no other public road, except as aforesaid," but that the defendants, "unlawfully, and wilfully, in violation of the said contract of hire of said team of horses, as aforesaid, did unlawfully drive said team of horses from said city of Edina, through the country by by-roads to and beyond said town of Sand Hill," and over other roads, so that the distance driven by the defendants and their servants was not less than forty miles ; "that, by the defendants and their servants so violating the contract, by so unmercifully and wrongfully driving said team of horses as aforesaid, one of the plaintiff's said horses, the black mare, was so damaged and injured, that it * * * by reason thereof died, and is and was a complete loss to the plaintiff," and that the other horse was greatly damaged and injured by being over-heated, etc. The circuit court also permitted the plaintiff to amend by appending to these statements, allegations that the defendants' agents and servants "did unmercifully, and wrongfully, drive said team of horses at an unusual and immoderate gait from said city of Edina, over by-roads not usually traveled to said town of Sand Hill, and other places, etc ; * * * that by reason of the defendants so unreasonably, immoderately, and wrongfully driving said team, in violation of said contract of hire, and by reason of said team being so driven a greater distance than contracted for," the plaintiff was damaged, etc., as alleged. The allowing of these amendments is here assigned for error.

As to the amendment which was intended to show that the defendants constituted a firm and had a firm name, it is sufficient to observe that, inasmuch as they

had already submitted themselves to the jurisdiction of the court, they could not be injured by any such matter of mere personal description. The charge was against all of them jointly, in the original, as well as in the amended, complaint.

The defendants contend that the only cause of action set up in the first complaint was the alleged breach of contract in driving the team over roads other than those agreed upon at the time of the hiring; and that the amendment introduced a new and different cause of action, in the alleged unmerciful, immoderate, and wrongful over-driving of the horses. This contention can not be sustained as an objection to the amendment. The law governing such amendments, as introduced into our last revision of the statutes ( Rev. Stat. sect. 3060 ), enables parties in the appellate court to supply, in their respective statements, "any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement, shall be added by such amendment." A very liberal intendment appears to have been attached by our Supreme Court to the effect of this section. Where the original complaint wholly failed to state any cause of action, it has been permitted to amend in the circuit court on appeal, so as to show a cause of action. *King v. Railroad*, 79 Mo. 328 ; *Manz v. Railroad*, 87 Mo. 278. A complaint alleged in general terms the killing of three hogs belonging to the plaintiff by the defendant's locomotive. The plaintiff was allowed to amend in the circuit court, on appeal, so as to show that the killing was caused by the absence of a fence at a proper point. It was contended that this introduced a new and statutory cause of action in the place of a common-law claim. The amendment was held to have been properly allowed. *Minter v. Railroad*, 82 Mo. 128. In the present case, it was impossible for the defendants to suppose from the complaint that the

plaintiff was seeking to recover damages for a mere deviation in the route of travel, without any reference to the prolongation of the journey, the roughness of by-roads, and the consequent over-driving necessarily included therein, with its resulting injury to the team. The complaint distinctly avers that the injuries were caused by the defendants and their servants, "by so unmercifully and wrongfully driving said team of horses as aforesaid." The amendment did not add any "new item or cause of action"; but only made more definite and clear the cause of action "intended to be included" in the original statement.

There was no error in the court's refusal of an instruction to the effect that, unless it appeared that the team was over-driven out of, and beyond, the route agreed upon, the finding should be for the defendants. Whatever correct proposition was implied in it fully appeared in the instructions given, and in one possible aspect it was inconsistent with both the original and the amended complaints.

It appears from the bill of exceptions that the plaintiff "introduced testimony tending to prove the allegations of his complaint," and that the defendants admitted that the plaintiff's evidence "is sufficient to sustain the verdict, if that were the sole ground of exception." The instructions given were pertinent and proper, and nothing appears in the record to justify an interference with the verdict and judgment.

The judgment is affirmed, with the concurrence of all the judges.