WILLIAM HEMAN, Respondent, v. JAMES FANNING, Appellant.

St. Louis Court of Appeals, November 27, 1888.

Justices' Courts : AMENDMENT.   In a case brought by appeal from a justice's court, there is no error in allowing the plaintiff to amend in the circuit court, when it is apparent that the item or cause of action introduced by the amended statement was intended to be embraced in the original statement.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*J. C. Terry,* for the appellant.

The original statement was not sufficient of itself to constitute a cause of action and support a judgment. *Rosenberg v. Boyd,* 14 Mo. App. 429 ; *McDonough v. Daily,* 6 Mo. App. 598 ; *Morris v. Buckley,* 9 Mo. App. 577 ; *Schwartz v. Nicholson,* 65 Mo. 508 ; *Brashears v. Strock,* 46 Mo. 221.   The amended statement allowed by the court was a complete change of the original cause of action if the original statement could be considered sufficient.   If the original statement was not sufficient,

then the amended statement was an amendment of nothing at all or an amendment of something which " does not advise the opposite party of what he is sued for." *Brashears v. Strock,* 46 Mo. 222; *Webb v. Tweeder,* 30 Mo. 488; *Clark v. Smith,* 39 Mo. 498; *Hansberger v. Railroad,* 43 Mo. 196 ; R. S., sec. 3060.

*Rowe & Morris,* for the respondent.

Appellant's argument is that a good cause of action must be stated in the original statement before it can be amended. It strikes us that if such was the law the statute on amendments would subserve no purpose. Why amend something that is already good and that requires no amendment? If appellant's position is correct, then when a plaintiff files a petition which fails to state facts sufficient to constitute a cause of action he can never correct his error, but must go out of court. His suit must be dismissed. The authorities do not support his point. See *Mitchell v. Railroad,* 82 Mo. 108; *Kitchen v. Railroad,* 82 Mo. 687; *Gregory v. Railroad,* 20 Mo. App. 448; *Allen v. McMonagle,* 77 Mo. 478; *Schulte v. Railroad,* 76 Mo. 324; *Newberger v. Friede,* 23 Mo. App. 631.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on the following statement of cause of action :

"St. Louis, Mo., Sept. 22, 1887. James Fanning, to William Heman, Dr., 1,950 yards grading, at 3c, $58.50 ; damages in delay, $191.50 ; $250.00."

In the circuit court a motion to dismiss the bill, because of the insufficiency of the statement and misjoinder of causes of action therein, was made and overruled. The plaintiff was thereupon allowed to file an amended statement of cause of action which recited " that defendant, on or about the twenty-second day of April, A. D., 1887, made and entered into an oral contract with the plaintiff, whereby he agreed with the

plaintiff that in consideration of the sum of thirty-four cents per yard, which plaintiff agreed to pay defendant, said defendant agreed within a reasonable time to grade for the plaintiff a certain alley in the city of St. Louis, Mo., in city block No. 2310, between Hogan street and Nineteenth street and Cass avenue and Mullanphy street; that the defendant failed, refused and neglected to perform his said contract in accordance with his said oral agreement, and defendant failed, refused and neglected to grade alley in accordance with his said agreement; that plaintiff was put to great expense in excess of the sum agreed to be paid to defendant to have said alley graded; that there was (*sic*) nineteen hundred and fifty yards of grading in said alley, and that plaintiff was forced to pay and did pay, to have said alley graded, the sum of thirty-seven cents per yard; that, by reason of the failure of defendant to perform his contract aforesaid, plaintiff was damaged one hundred dollars. Wherefore," etc.

The only question for decision on this appeal is the ruling of the trial court in allowing this amendment to be filed. We think there was no error in this ruling. We concede that the original statement was not sufficient, even under the very liberal rulings in this state in favor of upholding informalities of statement in actions commenced before justices of the peace. But the statute ( R. S. sec. 3060 ) allows a plaintiff to amend his statement in the circuit court after an appeal from the justice, "when, by such amendment, substantial justice will be promoted;" but with the proviso that "no new cause of action, not embraced or intended to be included in the original account or statement, shall be added by such amendment." The argument of the appellant is that, if the statement as it originally stood was no statement at all, its infirmity could not be

cured by an amendment, because this would be equivalent to allowing plaintiff to sue in a justice's court without any statement of his cause of action and to file such statement for the first time on appeal in the circuit court. We do not think that this is a sound argument. The statute was obviously intended to place a plaintiff who brings his action before a justice of the peace in as favorable a situation in respect of his right of amendment as he would have occupied if he had brought it in the circuit court in the first instance. Now, it is matter of every-day practice in the circuit court, enjoined by statute ( R. S. sec. 3518 ), that, after a demurrer has been sustained to a petition on the ground that it states no cause of action, the plaintiff is allowed to amend as of course, and with or without costs, as the court may order. The argument, that, because the statement of claim filed before a justice of the peace is so defective as not to support a judgment, it cannot be amended in the circuit court, involves the solecism that only those statements which do not need amendment are amendable.

The other objection to the allowance of the amendment is that, if a cause of action can be gathered from the original statement, the amendment introduces a new or different cause of action, which is prohibited by the statute. The statute, it is perceived, is very broad ; it lets in the amendment by inference in every case where the item or cause of action introduced by the amended statement was intended to be embraced in the original account or statement. We cannot say, on a comparison of the original with the amended statement, as a matter of interpretation, that the amended statement introduces a cause of action which an unprofessional pleader may not have intended to introduce in the original statement. On the whole, it appears to be a case where the circuit court has found that "substantial justice" would be promoted by the amendment. We cannot see what

harm the defendant has suffered by it.   He was in court; and we can hardly understand upon what sound princi- ple the plaintiff ought to be turned out of court and driven to another action, because he did not have suffi- cient skill to draw a proper statement of his cause of action when he brought his suit originally before the justice.   Obviously, if there was any error in allowing this, it was an error which did not affect the substantial rights of the defendant; and we are prohibited by stat- ute ( R. S. sec. 3569 ) from reversing a judgment for such an error.

The case of Brashears v. Strock, 46 Mo. 221, and some other cases to which we have been cited, are not in point, because they were decided before the enacting of the statute ( R. S. sec. 3060 ) allowing amendments in appeals from justices, which appeared for the first time in the revision of 1879.   It should also be observed that no question is made as to the impropriety of allowing such an amendment without terms.   A defendant is of course entitled, even in an action commenced before a justice of the peace, to be apprized in some form of what he is called upon to answer ; and if he is obliged to go to trial before the justice without being so apprized, and a judg- ment is rendered against him, and he appeals to the cir- cuit court, it may be well that the discretion of the circuit court, in allowing the plaintiff to amend his statement so as to accomplish the object of the statute, is not soundly exercised, unless terms are imposed, such as the payment of costs which accrued before the jus- tice.   But as no such question is made, we need not make any further observations upon it.   It is enough to say that this amendment was within the policy of the statute.

The judgment will be affirmed.   It is so ordered. All the judges concur.