WILLIAM HOLMAN, Appellant, v. GEORGE KERR, WIL-
LIAM KERR AND E. A. KERR, Respondents.

### St. Louis Court of Appeals, April 21, 1891.

1.  Justices' Courts: ATTACHMENT PROCEEDING: INCORPORATION OF
STATEMENT OF CAUSE OF ACTION IN AFFIDAVIT FOR ATTACHMENT.
While the statute contemplates that, in an action by attachment
before a justice of the peace, the affidavit for attachment and the
statement of the cause of action should be separately made and
filed, that practice is not essential to the jurisdiction of the jus-
tice, and his jurisdiction will attach where the statement of the
cause of action is incorporated in the affidavit.

2.  ——: SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. The
statement of the cause of action in this suit is considered and *held*
sufficient for jurisdictional purposes.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

REVERSED AND REMANDED.

*Thomas M. Allen*, for appellant.

*Plummer & Frost*, for respondents.

THOMPSON, J.—This action was commenced before a
justice of the peace by attachment. The defendants
appeared, pleaded to the merits in writing, and sub-
mitted to a jury trial, which resulted in a verdict and
judgment in favor of the plaintiff. From this the
defendants appealed to the circuit court, and in that
court moved to dismiss the proceeding on various
grounds, among which was the ground that no petition,
account, statement, instrument or exhibit constituting
any cause of action had been filed with the justice, as
required by the statute. R. S. 1889, sec. 525. The bill
of exceptions recites that, pending this motion to dis-
miss, "the plaintiff asked leave to amend any part of

the affidavit or statement, or to file others, if, in the judgment of the court, it was necessary, and the one on file were deemed not sufficient; but the court refused to grant any amendment." The court thereupon sustained the motion to dismiss, and from the judgment of dismissal this appeal is prosecuted.

We can gather from the record, and from the printed arguments which have been submitted to us, only two grounds upon which the circuit court probably proceeded in sustaining this motion to dismiss : *First.* That the statement of the plaintiff's cause of action was mingled with the affidavit for the attachment. *Second.* That the statement in itself was not sufficient.

There were two affidavits for attachment filed before the justice. The one purported to be an amendment, and set out several grounds of attachment not stated in the other, and, also, stated a different cause of action. In both of these affidavits for attachment the statement of the nature of the plaintiff's demand was included in the affidavit and sworn to as a part of it. The first of these affidavits for attachment ( omitting the caption ) was as follows : " This day personally appeared before me, M. H. Roberts, a justice of the peace within and for the county of Barry aforesaid, William Holman, and says that the defendant owes him (plaintiff) one hundred and three dollars and twenty cents ( $103.20 ). This amount the defendant owes plaintiff, after allowing all just credits and set-offs. And the plaintiff has good reason to believe, and does believe, that the defendant is about to remove his property or effects out of this state with the intent to defraud, hinder or delay his creditors. One hundred dollars is for damage by waste of grain. Three dollars and twenty cents for eight gallons of molasses." This affidavit was sworn to on the third day of January, 1890.

The amended affidavit ( omitting the caption ) was as follows : " This day personally appeared before me, M. H. Roberts, a justice of the peace within and for

White River township, county of Barry aforesaid, William Holman, and says the plaintiff, William Holman, has a just demand against George Kerr and William Kerr, the defendants, and that the amount which the affiant believes the plaintiff ought to recover, after allowing all just credits and set-offs, is one hundred and three dollars and twenty cents ($103.20), now due, and that he had good reason to believe, and does believe, that defendants, George Kerr and William Kerr, are about to remove out of this state with the intent to change their domicile ; that the defendants are about to remove their property or effects out of this state with the intent to defraud, hinder or delay their creditors ; that the defendant, George Kerr, has fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors ; that the defendants have fraudulent concealed, removed or disposed of their property or effects so as to hinder or delay their creditors ; that the defendants intend to remove their property from the lease or rented premises ; that defendants are removing their property from the lease or rented premises ; that defendants have, within thirty days, removed their property from the lease or rented premises ; that the defendants have in a manner disposed of the crop on the leased or rented premises so as to endanger, hinder or delay the collection of the rent, and that the rent is due and unpaid, after demand thereof. The plaintiff states he will be in danger of losing his rent, unless an attachment issues. Plaintiff states that defendants were tenants under a lease, and, as such tenants, failed to account to plaintiff for the rent in the amount and manner as heretofore set forth in the original papers filed in this case. And said statement is herein referred to and made a part of this amended affidavit and statement ; and, as tenants of plaintiff, defendants owe and are justly indebted to plaintiff for said rents in the sum of $100, and for molasses the sum of $3.20.'' This

Holman v. Kerr

affidavit was sworn to on the eighteenth day of February, 1890.

A change of venue having been taken to another justice of the peace, on March 19, 1890, the defendants, George Kerr and William Kerr, appeared and filed the following answer : " Now come the defendants, George and William Kerr, and for answer say that they are in nowise indebted to plaintiff, but that the plaintiff is indebted to them in the sum of $56, to-wit : Damages for failure to repair house, $50 ; for building fence, $4.50 ; one-half bushel beans, $1.50. Therefore, they ask judgment in the sum of $56." Mrs. E. A. Kerr, who, according to the statement of the appellant, had been made a party defendant by consent and without the issuing of process, filed on the same day the following answer : " E. A. Kerr, for answer, says that she is the absolute owner of the property attached, and further states that she is in nowise indebted to the plaintiff ; that she never contracted with, nor ever authorized anyone to contract or deal with, the plaintiff in any manner whatever for her or in her name ; and prays the court to give their judgment for the delivery of the aforesaid property, together with $150 damage for the taking and detention and negligence in taking care of the same." Thereafter there was a trial before a jury, which resulted in a verdict and judgment for the plaintiff in the sum of $64.90.

The justice's transcript recites that " the attorneys for defendants filed their answer in the case, and did not deny the allegations set forth in the attachment ; then the court ordered the trial to proceed on the merits of the case ; then the defendants demanded a jury," etc. The record is made up under the provisions of the recent statute, changing the manner of making up transcripts for the appellate courts so as to allow the counsel for the appellant to make and file an abstract, and the counsel for the respondent to file a supplementary abstract, if he is not satisfied with that filed by the counsel for the appellant.

Holman v. Kerr.

This case illustrates the unfortunate character of that statute, and the confusion which it is certain to introduce into judicial procedure. Instead of having a complete transcript of the record from beginning to end, so as to be able to get a connected view of the case, we have the record brought here in some three pieces: a bill of exceptions certified by the clerk ; a statement by the appellant's counsel of such matters as he thinks it necessary to state ; and a supplementary statement by him intended for the purpose of answering an argument in the respondent's brief. The writ of attachment and the levy, regarded as most essential elements of jurisdiction in an attachment proceeding, are not brought before us in any way. We do not know whether one writ was issued, or whether a second writ was issued after the filing of the amended affidavit.

We make these observations for the purpose of showing that the record is in no condition for us to decide whether the justice of the peace lost his jurisdiction to proceed by allowing the filing of the amended affidavit and the amended statement therein, which introduced new grounds of attachment and a totally different cause of action. It is enough for us to see that answers were filed by the defendants, not denying the grounds of attachment, but contesting the merits and pleading to the statement of the cause of action which the plaintiff had irregularly embodied in his affidavit for attachment as a statement to which they were to plead. Upon this they went to trial, and we must take it that, by so doing, they waived any irregularity which may have been committed in embodying the statement in the affidavit instead of filing it separately,—unless the separate filing of such a statement is essential to the jurisdiction of the justice over the subject-matter. No reason suggests itself to our minds upon which we ought so to hold. The statute governing the subject recites : " Any plaintiff wishing to sue by attachment may file in the clerk's office of the court in which the attachment is

instituted, or with the justice before whom the suit is brought, a petition or other lawful statement or exhibit of his cause of action," etc.   R. S. 1889, sec. 525.   The form of the affidavit, prescribed by section 526, does not of course include this statement; and the statute unquestionably contemplates· that there shall be a statement separately filed, just as the petition in such action is,—separately filed in the circuit court.   But no statute prohibits the statement from being incorporated into the affidavit ; and where the statement is incorporated into the affidavit, and is filed with the affidavit, it is certainly "filed" within the meaning of section 525, at least for jurisdictional purposes.   Cases might possibly arise where the irregularity of incorporating the statement of the cause of action into the affidavit might produce prejudice to the defendant,—of this we need not speculate.   In this case there is not the remotest ground for supposing that the irregularity produced any prejudice whatever.   So much of the affidavit, as stated statutory grounds of attachment, subserved the purpose of the statutory affidavit; and so much of it, as set forth the plaintiff's cause of action against the defendant, subserved the purpose of a statement of a cause of action.   And then, after the defendants have denied in writing the indebtedness there set up, have filed a counterclaim, and have gone to trial on the merits, we cannot imagine what beneficial end in judicial procedure would be subserved by holding that the whole proceeding was void for want of jurisdiction in the justice.

As we do not regard this as a jurisdictional defect, it is not necessary for us to enter into a discussion of the question to what extent jurisdictional defects in attachment suits instituted before justices of the peace may be cured by amendment in the circuit court.

Then as to the objection, that the statement of the cause of action incorporated into the affidavit for attachment was insufficient, we have to say that we regard it

as sufficient, having reference to the liberality with which pleadings before justices of the peace are construed. We, of course, refer only to the statement embodied in the second affidavit for attachment, the former having been abandoned and the latter substituted in its place. In this statement the plaintiff alleges "that defendants were tenants under a lease, and as such tenants failed to account to plaintiff for the rent in the amount and manner as heretofore set forth in the original papers filed in this case, and said statement is herein referred to and made a part of this amended affidavit and statement; and as the tenants of the plaintiff, defendants owe and are justly indebted to plaintiff for said rent in the sum of $100, and for molasses the sum of $3.20." This statement is quite as good as many statements which have passed muster in proceedings instituted before justices of the peace. It is indefinite in that it does not state the year for which the rent accrued, the land in respect of which it accrued, or the terms of the contract of renting; but these defects might appropriately have been cured by amendment, had not the circuit court ruled in advance that no amendments would be allowed. The terms of the statute allowing such amendments are very broad. The only restraint upon the right of amendment granted by the statute is that "no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment." R. S. 1889, sec. 6347. It may be conceded that a statement in a suit commenced before a justice of the peace, which is so barren of everything as not to amount to any statement at all, cannot be amended in the circuit court, for that would be tantamount to the filing of a new statement and the commencement of a new action in that court; whereas in cases appealed from justices of the peace the jurisdiction of the circuit court is derivative, and depends upon a jurisdiction or at least upon a suit commenced before the justice of the

peace. But in the case before us the defects in the statement consist merely in want of particularity in averment. To hold that these defects cannot be supplied by amendment would be to abrogate the statute. *Eubank v. Pope*, 27 Mo. App. 463, and cases cited. We call attention to the fact that the justice of the peace rendered a general judgment against Mrs. Kerr, a married woman, which, of course, should not have been done.

We conclude that the court erred in taking the view that the defects above referred to were not amendable, and in dismissing the cause for want of jurisdiction. The judgment is, therefore, reversed, and the cause remanded. It is so ordered. Judge BIGGS concurs; Judge ROMBAUER concurs in the result.