WILLIAM HUFFER, Respondent, v. MARTHA RILEY, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. Justices' Courts : AMENDMENT ON APPEAL. In an action instituted in a justice's court for the lumping price of a buggy and harness, it is proper on appeal to permit at the trial the amendment of the statement by adding the words "and harness," which had been omitted by oversight.

2. Married Women : ALIEN NON-RESIDENT HUSBAND. A married woman living separate and apart from her husband, who is a non-resident alien, is to be regarded as a *feme sole* in so far as to contract, sue and be sued.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*W. T. Green* and *H. J. Green*, for appellant.

(1) The court committed error in permitting the plaintiff to amend his complaint in the circuit court by adding to said complaint an item that was not asked for before the justice of the peace. R. S. 1889, sec. 6347. (2) The court committed error in rendering judgment for plaintiff, because the justice had no original jurisdiction of this cause, for the reason that the defendant was a married woman at the time of contract, and at the time said suit was begun. *Chouteau v. Merry*, 3 Mo. 254 ; *Bauer v. Bauer*, 40 Mo. 61 ; *Bachman v. Lewis*, 27 Mo. App. 81.

*J. D. Perkins*, for respondent.

(1) The section of the statute cited by appellant ( sec. 6347 ) expressly provides that amendments may be

made in the appellate court to supply any deficiency or omission therein, but no new item or cause of action, not embraced or intended to be included in the original account or statement, shall be added by such amendment. *Sprague v. Follett*, 90 Mo. 547 ; *Heman v. Fanning*, 33 Mo. App. 50. ( 2 ) Where the husband is an alien, residing continuously abroad, the wife is invested with the powers of a *feme sole*. Kent's Com. 154 ; *Rose v. Bates*, 12 Mo. 30 ; *Gallagher v. Delargy*, 57 Mo. 29 ; *Music v. Dodson*, 76 Mo. 624 ; *Phelps v. Walther*, 78 Mo. 320.

GILL, J.—This suit originated in a justice's court, and the amount involved is $45, the agreed price of a buggy and set of harness sold by the plaintiff to defendant. The cause was tried before the justice of the peace, where plaintiff had judgment ; the defendant appealed to the circuit court, where on a trial before the court plaintiff again had judgment in his favor, and defendant thereupon appealed to this court.

I. The first error alleged relates to the action of the circuit court in permitting plaintiff to amend his complaint by adding and inserting the words, "and set of harness," to the word buggy as it appeared in the original statement. The evidence, beyond dispute, shows that Mrs. Riley, the defendant, bought from plaintiff a buggy and set of harness at an agreed "lumping" price of $45 for the two articles, but in drafting the original complaint the set of harness was omitted and only the *buggy* named. In allowing this amendment the court did not err. Section 6347, ( R. S. 1889), expressly provides that amendments may be made in the appellate court to supply any deficiency of omission therein, but no new *item* or cause of action not embraced or *intended* to be included in the original account or statement shall be added by such amendment. In this case it was evident and apparent that plaintiff intended to sue for the whole of the property sold to

defendant. There was only one sale made, which embraced both buggy and harness, at and for the price of $45, no separate price or value being fixed on either.

By an oversight, the statement filed with the justice failed to contain all the property sold and delivered in the one and only sale made, and on the trial in the circuit court the plaintiff was properly permitted to amend by inserting the omitted item. *Sprague v. Follett*, 90 Mo. 547; *Heman v. Fanning*, 33 Mo. App. 50.

II. It is further complained that the trial court erred in rendering a judgment against defendant, for the reason that she was shown to be a married woman. Under the circumstances of this case the court was clearly correct in this regard. Although the defendant Mrs. Riley is, and was at the institution of this suit and at the time of the purchase of the buggy, a married woman, yet, as the evidence shows that she was living separate and apart from her husband ; that Mrs. Riley resided at Carthage in this state while her husband was all the time domiciled in England, was a subject of that government and never resided in this country, she is to be regarded as a *feme sole* in so far as to be able to contract, sue and be sued in her own name. She comes clearly within the exception named in the following authorities: 2 Kent's Com. 154, 155 ; *Rose v. Bates*, 12 Mo. 46 ; *Gallagher v. Delarzy*, 57 Mo. 36, 37; *Music v. Dodson*, 76 Mo. 628; *Phelps v. Walther*, 78 Mo. 323. No error appearing in the record, the judgment is affirmed. All concur.