J. H. NORVILLE, Respondent, v. ST. LOUIS, KEOKUK AND NORTHWESTERN RAILROAD, COMPANY, Appellant.

**St. Louis Court of Appeals, January 15, 1895.**

1. **Railroads**: KILLING OF STOCK: PLEADING. When the statement of a cause of action against a railway company for single damages for the killing of stock alleges the negligence of the company in general terms, and is amended by a specification of the negligence, the cause of action is not changed.

2. ———: ———: INSUFFICIENCY OF EVIDENCE. The evidence is considered, and *held* insufficient to establish any connection between the killing of the stock sued for and the alleged negligence of the defendant.

*Appeal from the Louisiana Court of Common Pleas.*— HON. REUBEN F. ROY, Judge.

REVERSED.

*Palmer Trimble* and *J. W. Matson* for appellant.

*Fagg & Ball* for respondent.

ROMBAUER, P. J.—This is an action to recover single damages for the killing, at one of defendant's railroad stations, of four of plaintiff's cows through defendant's negligence. The action was instituted before a justice of the peace, where the plaintiff's statement charged negligence on defendant's part *in general terms*. In the circuit court, the plaintiff was permitted to amend his statement, so as to show that the defendant's negligence consisted in this, that the defendant by its officers, agents and employees, had from time to time previous to the accident carelessly and negligently

thrown from the freight cars salt, grain and other articles which attracted cattle to its station grounds, and that in consequence thereof the plaintiff's cattle were killed. The defendant excepted to the action of the court in permitting this amendment, and claimed that the amendment was inadmissible because it changed the cause of action. The plaintiff recovered judgment for the value of the cows, and the defendant appeals and assigns for error the action of the court in permitting the amended statement to be filed, and the refusal of the court to direct a verdict for the defendant.

There is no merit in the first complaint. The plaintiff's statement filed before the justice charged negligence on part of defendant in general terms. Under that statement the plaintiff would have been at liberty to make proof of any negligence on part of defendant resulting in the killing of plaintiff's cows. The amendment made in the circuit court did not change the cause of action. It narrowed the issue of negligence to specific acts, and of this the defendant had no cause to complain.

The following facts were shown upon the trial by the plaintiff's own evidence, and, in fact, by all the evidence. The cows were killed at different times. Two were killed in August, 1889, and two in August, 1890. They were killed at Kissinger station, where the defendant has extensive unfenced switching grounds. It was shown that salt and grain was occasionally spilt upon the tracks of the defendant in unloading its cars at that station, but it was not shown that such spilling was done by the defendant's employees; nor was it shown that there was either salt or grain on the track when the cattle were killed. The place where the salt and grain had been thus spilled was north of the station building, and the place where the cows were killed was south of the station building. According to all the

testimony the two places are several hundred feet apart. The plaintiff himself testified that he did not notice any salt there that day, and that he did not know why his attorneys filed an amended petition alleging that there was salt on the track. He also testified that there was *"blue grass on the ground, plenty of grass."* One of his witnesses testified that a good deal of cattle came on the station grounds, and added: "I do not know what it is that attracts them, unless it is the grass in the bottom." Another witness for plaintiff testified that there is lots of grass on both sides of the station. There was absolutely no evidence either that there was any salt or grain on the track when the cattle were killed, or that the plaintiff's cattle were attracted to the place by the grain and salt.

Conceding, without adjudging, that it would have been negligence on part of the defendant to leave grain or salt on its track for a considerable time, without regard as to who left it there, yet we fail to find any evidence in the record warranting a recovery for plaintiff. The connection between the salt and grain in one place and at one time, and the killing of plaintiff's cows at another time and place, rests upon the barest conjecture. In *Gilliland v. Railroad,* 19 Mo. App. 411, the Kansas City court of appeals unanimously held that, where a cow was killed by the engine on the main track, while she was passing from a side track on which corn cobs were strewn, there was no such necessary connection between the killing and the negligence in leaving the cobs as to warrant a recovery. This seems to be an extreme view, and we refer to the case only for the purpose of illustrating to what extent some courts have gone in requiring a showing that the negligence was the primary cause of the accident. In *Breen v. St. Louis Cooperage Co.,* 50 Mo. App. *loc. cit.* 214, we said on an analogous question: "It is not for the

defendant to account for the accident on a theory consistent with due care, but for the plaintiff to account for it on a theory inconsistent therewith." Such a theory must rest either upon direct proof, *or upon proof of facts establishing a direct and immediate connection between the defects and accident complained of.*" Such has always been the ruling of the supreme court on 'this subject. *Hudson v. Railroad,* 101 Mo. 34.

As in the case at bar there is not a particle of evidence showing a direct and immediate connection between the negligence of the defendant, if any, and killing of plaintiff's cows, it necessarily results that the court erred in not directing a verdict for the defendant, as it was requested to do, and that the judgment must be reversed. So ordered. All concur.