JOHN S. BRADLEY, Appellant, v. SWEIGER & HADDOCK, Respondents.

### St. Louis Court of Appeals, March 12, 1895.

Justices' Courts: PLEADING. The rules of construction, which obtain with regard to pleadings in courts of record, are not applicable to an account or a statement of a cause of action filed with a justice of the peace.

*Appeal from the Lawrence Circuit Court.*—HON. WALTER ROBINSON, Judge.

REVERSED AND REMANDED.

*Edward J. White* for appellant.

*Cloud & Davies* for respondents.

BIGGS, J.—This action originated before a justice of the peace. The plaintiff filed the following statement of his cause of action, to wit:

AURORA, January 30, 1893.

SWEIGER & HADDOCK, in account with J. S. BRADLEY.

| | |
|---|---|
| To 2,275 brick, at $7.50 per M, | $17.06 |
| To balance on settlement from building contract | 10.90 |
| Total amount due | $27.96 |

On a trial before the magistrate the defendants had judgment. The plaintiff appealed to the circuit court, where, on a trial *de novo*, he was compelled under the instructions of the court to submit to a nonsuit. The circuit court having refused to set aside the nonsuit, the plaintiff appealed to this court, and he complains of the action of the circuit court in rejecting competent evidence offered by him, and of the refusal of the court to permit him to file an amended statement, and finally

of the instruction of the court directing a verdict for the defendants.

The substance of the plaintiff's testimony was that he made a contract with the defendants to furnish and lay the brick in a certain building for $7.50 per thousand brick, the brick to be measured in a certain way; that he completed the work, and the defendants claimed that there were only forty-three thousand three hundred brick, whereas he claimed there were forty-five thousand five hundred and seventy-five, an excess of two thousand two hundred and seventy-five brick, which is represented by the first item in the account; that he demanded payment for the extra brick, which was refused; and that at the time the defendants, according to their own measurement and books, owed on the contract a balance of $10.90, which is the second item in statement, and which the defendants refused to pay for the alleged reason that they had a claim for damages on account of delay in the prosecution of the work. The agreement concerning the work was in writing, which the court would not permit the plaintiff to read; and it also refused to allow the plaintiff to prove the amount of payments on account of the work. The court also refused to allow the plaintiff to file an amended statement, and directed the jury to return a verdict for the defendants. The amended statement set forth the substance of the written contract, the number of brick furnished thereunder, the contract price therefor, the amounts of payments on account of the work, and the balance due.

It is contended by counsel for the defendants that the instruction of the court to find the issues for the defendants was proper, for the reason that there was an entire failure of proof. The second item of $10.90 they insist must be treated as the statement of a cause of action on an account stated, and that, as the plaintiff

admitted no settlement had been agreed on, and the defendants had not agreed to pay the alleged balance, there was an entire failure of proof as to that item.

The trouble with counsel is that they attempt to apply to the account or statement the same rules of construction as are applicable to proceedings in courts of record. This can not be done. Proceedings before justices of the peace are informal, and it has been the aim of the legislature to so simplify them that the business may be conducted by any man possessing ordinary education and sense.

Now, the plaintiff's cause of action as shown by his testimony consists of but one item, and that is a balance due him for brick furnished to the defendants at an agreed price. In making out his account for suit he erroneously stated an item as balance due on building contract—that is, the balance which he claimed the defendants' books showed to be due him according to their own measurement, and to that he added the value of two thousand two hundred and seventy-five brick, which was the number of brick which he claimed to have furnished in excess of the measurement made by the defendants. The statement of the account was informal, of course, but as to the item of $10.90 it did not require the plaintiff to prove that it was the result of an actual accounting, and that the defendants had agreed to pay it. Therefore, the instruction of the court as to that item was erroneous.

Concerning the other item of the account there was substantial evidence, as we have heretofore shown, that it grew out of the sale of the brick for the house. The error of the court as to this item was in excluding the testimony offered by the plaintiff as to the amounts paid by the defendants on account of the contract. Had this testimony been admitted, it would have shown

the true balance due according to the plaintiff's measurement of the work.

The amended complaint should have been allowed, although it, was probably unnecessary. It did not, as the defendants claim, state another and different cause of action. It merely stated in a correct and formal manner the true nature of the demand in suit. *Heman v. Fanning*, 33 Mo. App. 50.

It follows that the judgment of the circuit court must be reversed, and the cause remanded. So ordered. All the judges concur.