JASON RIPPEE, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 20, 1897.

Negligence: PLEADING: JUSTICES' COURT: APPEAL. A complaint before a justice of the peace declaring upon one cause of action—upon one act of negligence, can not, on appeal to the circuit court, be amended by stating a "new item or cause of action"—an entire and different act of negligence. R. S. 1889, sec. 6347; *Gurley v. R. R.*, 93 Mo. 450.

*Appeal from the Wright Circuit Court.*—HON. ANGUS COX, Judge.

REVERSED; Judge BOND concurring, Judge BIGGS dissenting.

TRANSFERRED TO SUPREME COURT.

BLAND, P. J.—This action was brought before a justice of the peace on the following statement of plaintiff's cause of action: "For cause of action, plaintiff states that defendant is a corporation and that it does, and on the fourteenth of October, 1895, did own and operate a certain railroad running through said township and county and through the village or city of Mansfield, situate in said township and county, together with certain locomotives, and trains of cars thereon. That said village or city of Mansfield is an incorporated municipality under the laws of this state, and has, and on said date had, a code of ordinances in legal operation amongst others, one prohibiting locomotives and trains being run on said railroad within the limits of said municipality at a greater speed than six miles per hour.

That on the aforementioned date plaintiff was the owner of a certain cow of the value of $35, which said cow then and there casually strayed on defendant's said railroad in said village or city of Mansfield, and defendant then and there by its agents and servants negligently and in violation of said ordinance, and without sounding a whistle or ringing a bell, as it was its duty to do, ran a certain locomotive and train of cars on said railroad, through said city or village with great and dangerous and negligent speed, to wit: The speed of twenty miles per hour, by reason of all which negligence defendant's locomotive and train of cars struck and killed plaintiff's said cow in said village or city in said township, to the damage of plaintiff in the sum of $35, for which he asks judgment."

A trial was had on this statement before the justice in which plaintiff recovered a judgment

NEGLIGENCE: pleading: justices' court: appeal.

for $35, from which defendant appealed to the circuit court. In the circuit court the plaintiff filed the following amended statement:

"For amended cause of action plaintiff alleges that defendant is a corporation and that it does, and on the fourteenth of October, 1895, did own and operate a certain railroad through the town or city of Mansfield, in Pleasant Valley township, in the county of Wright and state of Missouri, and across a certain public road or street in said town or city. That on said day plaintiff was the owner of a certain cow of the value of $35 which then and there casually strayed onto defendant's said railroad at a public road or street. That on said day defendant then and there by its agents and servants ran its certain locomotive and train of cars over its said railroad through said town or city and across said public road or street. That in so running its said locomotive and train of cars over and along said railroad and through said town or city and across said public road or street, defendant, by its agents and servants so ran the same with a great, dangerous, and negligent rate of speed, and negligently without having rung the bell on its said locomotive continuously for the distance of eighty rods before crossing said public road or street and negligently without having sounded its whistle at intervals for eighty rods before crossing said public road or street and negligently without attempting to frighten plaintiff's said cow off the track of said railroad. Although they could have seen said cow in time to make the effort to do so if they had been on watch and guard and negligently without stopping or checking the speed of said locomotive and train though they could have seen said cow on said track in time to have done so, if they had been on watch and guard. That by reason of all such negligent acts on the part of defendant's agents and servants, and negligent failures of defendant, its agents and servants to prevent the same and without stopping said locomotive or train, or checking the speed of the same, or attempting to do so, said

locomotive and engine was run against and struck and killed plaintiff's said cow to plaintiff's damage in the sum of $35, for which he prays judgment."

Defendant moved to strike out the amended statement, because it stated a new and different cause of action. This motion being overruled, defendant filed a demurrer to the amended statement, stating among other causes, that the amended statement was a departure from the original cause of action. The demurrer was likewise overruled, and defendant declined to further participate in the proceedings. The plaintiff's case was heard by the court without the intervention of a jury, and judgment rendered for plaintiff for $35, from which the defendant has appealed.

The evidence supported the finding of the court, and the sole question presented by the record for our consideration is, did the amended statement change the cause of action. If so, under the provisions of section 6347, Revised Statutes 1889, the judgment must be reversed. The negligence charged in the original complaint is that the defendant in violation of an ordinance of the village of Mansfield ran its locomotive and car through said village at a dangerous and negligent speed, and struck and killed plaintiff's cow, which had strayed upon its road in the corporate limits of the village. The averment in this connection, that defendant failed to ring the locomotive bell or sound the whistle, has no connection with any other averment of negligence in the complaint, nor are any facts stated to show that the defendant's failure to do so would have been an act of negligence. The amended complaint bottoms the plaintiff's right to recover upon the fact that his cow was killed at a public road or street crossing, and that the defendant failed to sound the locomotive whistle or ring the bell as required by statutory enactment. The one negligence is for running at a speed

prohibited by a village ordinance. The other is for failure to ring the bell or sound the whistle of the locomotive at intervals for eighty rods when approaching a public crossing. These are separate and distinct acts of negligence, have no connection with each other, and are not susceptible of being proven by the same evidence. As was said by Judge BLACK in *Gurley v. R. R.*, 93 Mo. 450. "The plaintiff can not declare upon one cause of action, upon one negligent act, and recover upon another and entirely different act of negligence." No more can he complain before a justice of the peace of one act of negligence, and when he gets into the circuit court by appeal, amend his complaint by stating an entire and different act of negligence, as was done in this case. To the same effect is *Clements v. Yeates*, 69 Mo. 623; *Ely v. Railroad*, 77 Mo. 34; *Price v. R. R.*, 72 Mo. 414; *Waldhier v. R. R.*, 71 Mo. 514. Judgment is reversed. Judge BOND concurs. Judge BIGGS dissents and is of the opinion that the decision herein is opposed to the decisions in *Norville v. Railroad*, 60 Mo. App. 414; *Eubanks v. Lockwood*, 27 Mo. App. 463; *Schwab Clothing Company v. Railroad*, No. 6768, decided by this court, at the present term; *Heman v. Fanning*, 33 Mo. App. 50; *Minter v. Railroad*, 82 Mo. 128; *Sprague v. Follett*, 90 Mo. 547; *Brashears v. Stock*, 46 Mo. 221. The cause will therefore be transferred to the supreme court.

BIGGS, J. (*dissenting*).— The original complaint charged that the cow was killed within the corporate limits of the town of Mansfield, by reason of the negligence of the defendant's servants in running a train. After averring the existence of an ordinance which prohibited the running of trains through the corporate limits of the town at a greater rate of speed than six

miles an hour, the statement charged that the defend-
ant's servants "negligently and in violation of said
ordinance, *and without sounding a whistle or ringing a
bell, as it was its duty to do*, ran a certain locomotive and
train of cars on said railroad, through said city or vil-
lage with great and dangerous and negligent speed, to
wit: the speed of twenty miles an hour, by reason of
*all* which negligence defendant's locomotive and train
of cars struck and killed plaintiff's said cow in said vil-
lage or city in said township, to the damage of plain-
tiff," etc.   The amended complaint omitted the refer-
ence to the ordinance, and added that the cow was
killed at a public crossing, by reason of the failure to
ring the bell or sound the whistle.   These were the
only changes made by the amendment.

In appeals from justices of the peace the only limi-
tation on the right of amendment is, that "no new item
or cause of action not embraced or *intended* to be in-
cluded in the original account or statement, shall be
added by such amendment."   R. S. 1889, sec. 6347.
In the case at bar it is clear to my mind that in the
original complaint two acts of negligence were intended
to be charged.   That one was imperfectly charged, I
concede, for otherwise no amendment would have been
necessary.   *First*, the pleader counted on the negli-
gence of the defendant's servants in running the train
at a greater rate of speed than that provided by the
ordinance;   and, *secondly*, that the train was run
"without sounding a whistle or ringing a bell, as it was
its (defendant's) duty to do."   The latter averment
could not have had reference to a further violation of
the ordinance, for the reason that the ordinance did
not impose any such duty.   It was certainly the inten-
tion to state another act of negligence,—that is, the
violation by defendant's servants of the statutory duty
to ring the bell or sound the whistle at the approach of

the train to the crossing of a street or highway. The simple averment of a failure to observe this statutory requirement was not sufficient to show a liability against the defendant. It was necessary to. allege further that plaintiff's cow was killed at the crossing of a street or highway, and by reason of such failure. The amended statement supplied these latter averments. The inclination of the courts of the state has been to construe the statute liberally, and where the original statement before the justice contained the slightest indication of facts constituting a cause of action, the amendment has been allowed. *Eubank v. Lockwood*, 27 Mo. App. 463; *Heman v. Fanning*, 33 Mo. App. 50; *Minter v. Railroad*, 82 Mo. 128; *Sprague v. Follett*, 90 Mo. 547; *Brashears v. Strock*, 46 Mo. 221. The application of the statute by my associates in the case at bar is exceedingly illiberal, and in my judgment their opinion violates the spirit of the statute, and is against the spirit and tendency of the decisions, in which it has been construed and applied.

But even though it be conceded that the additional act of negligence was not intended to be charged, my contention is that the original cause of action was in nowise changed by inserting it in the amended complaint. The *gist* of the action as originally stated was the killing of plaintiff's cow in the town of Mansfield, by reason of the negligence of the defendant's servants in running a train. The amendment did not change this cause of action, nor did it introduce a new one, but it merely charged that the injury was caused by a different *mode*, that is, by a different act of negligence on the part of defendant's servants in running the train. In determining whether an amendment changes the cause of action, the true rule is, that "the proposed amendment must not change the nature of the cause of action, nor destroy the identity of the original trans-

action." This is the test as declared by us in the recent case of *Schwab Clothing Co. v. Railroad*, decided at present term. In that opinion we quoted with approval the rule adopted by the supreme court of Iowa (*Williams v. Railroad*, 51 N. W. Rep. 60) to the effect that "when the *gist* of the action remains the same, although the alleged incidents are different, the plaintiff has the right to withdraw the original declaration and file an amended one." We also quoted with approval the rule in Vermont, which is especially applicable to the case at bar, and is to the effect that "as long as the plaintiff adheres to the contract or *injury* actually declared on, an alteration of the *modes* in which the defendant has broken the contract or *caused the injury* is not an introduction of a new cause of action." *Daley v. Gates*, 65 Vt. 592. The application of any of the foregoing tests will show that my associates are wrong in their conclusion. The amendment in no manner changed the nature of the action; neither did it destroy the identity of the original transaction. The foregoing is in harmony with our decision in *Norville v. Railroad*, 60 Mo. App. 414. In that case the complaint filed before the justice contained a general averment of negligence. The plaintiff was allowed by the circuit court to amend his statement by averring the particular act of negligence causing the injury. We held that this did not change the cause of action.

It seems to me that the opinion of my brother judges is opposed to the spirit and scope of the decisions cited by me in the first paragraph, and that as to the second question their opinion can not be reconciled with our decisions in the *Norville* and *Schwab* cases. In my opinion the case ought to be certified to the supreme court.